UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. STEWART, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-01828-DAD-BAM<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO JUNE 22, 2016 ORDER, AND DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 9) |

　　　　Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. He filed this action on December 7, 2015. (Doc. No. 1.) On December 21, 2015, plaintiff declined to proceed before a United States Magistrate Judge. (Doc. No. 3.) Consequently, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 22, 2016, the assigned magistrate judge screened plaintiff's complaint and found that it stated a cognizable Eight Amendment claims against defendant Garcia for the excessive use of force, against defendant Neighbors for failure to protect plaintiff from the use of force, and against defendants Garcia, Neighbors and Stewart for failure to decontaminate plaintiff's cell. All of plaintiff's other claims were dismissed for failure to state a claim. Finally, plaintiff was

/////

ordered to either amend his complaint, or notify the court of his willingness to proceed only on those claims found to be cognizable in that order. (Doc. No. 8.)

On July 18, 2016, plaintiff filed an objection to the magistrate judge's June 22, 2016 order, seeking *de novo* review by the undersigned and an order that he be allowed to proceed on all of the claims alleged in his complaint. (Doc. No. 9.) The court construes plaintiff's objection as a motion to reconsider the magistrate judge's June 22, 2016 screening order.

Reconsideration of a magistrate judge's order, such as this one, by the assigned district judge is governed by Local Rule 303. At the outset, the Local Rule provides that a ruling by the magistrate judge becomes final if no reconsideration of the order is sought within fourteen days of service of the order. Local Rule 303(b). Here, twenty-six days passed before plaintiff filed his objection to the order. While, plaintiff's request for reconsideration therefore appears to be untimely, the undersigned will nonetheless consider it. Of course, the standard of review to be employed by the district judge in reconsidering a magistrate judge's order "is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Local Rule 303(f). Plaintiff has failed to identify any aspect of the magistrate judge's order that was clearly erroneous or contrary to law.

Plaintiff also objects to the magistrate judge issuing the June 22, 2016 screening order without the parties' prior consent to magistrate judge jurisdiction. (Doc. No. 9 at 1–2.) Consent was not needed for the magistrate judge to properly enter the non-dispositive order in question and civil rights actions brought by persons in custody are specifically referred to magistrate judges in this district by Local Rule. See Local Rule 302(c)(17). The issuance of the screening order in question was within the magistrate judge's jurisdiction. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 970 (C.D. Cal. 2010); *see also Reid v. United States*, No. 1:14-cv-01163-LJO-MJS, 2015 WL 2235127, at *1 (E.D. Cal. May 12, 2015); *Robinson v. Adams*, No. 1:08-cv-1380-AWI-GSA PC, 2009 WL 1953167, at *1–2 (E.D. Cal. July 7, 2009).

Finally, in his objection plaintiff requests that J. Akanno be dismissed as a defendant in this action because that individual was never named as a defendant in the case caption nor mentioned in plaintiff's complaint. (Doc. No. 9 at 11.) The magistrate judge, however, did not

find that this action should proceed against a J. Akanno and the case caption in the docket does not reflect J. Akanno as a defendant.  Accordingly, plaintiff's request is moot.

For all the reasons set forth above, plaintiff's motion for reconsideration (Doc. No. 9) is denied.

IT IS SO ORDERED.

Dated:   **November 2, 2016**                              *Dale A. Drozd*
                                                  UNITED STATES DISTRICT JUDGE