UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>v.<br><br>M. STEWART, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01828-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS<br><br>[ECF No. 31] |

**I.　Introduction**

Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 13, 2017, Defendants Garcia and Neighbors filed a motion for an order compelling Plaintiff to respond to Defendants' First Set of Requests for Interrogatories and First Set of Requests for Production of Documents. (ECF No. 31.) No opposition was filed, and the time to do so has passed. The motion is deemed submitted. Local Rule 230(l).

**II.　Discussion**

**1.　Interrogatories**

Defendants Garcia and Neighbors first seek an order compelling responses to their Interrogatories. In response to all their Interrogatories, Plaintiff responded that he "cannot recall

1

all facts at this time that he has not provided already to the Defendants or their attorney." (ECF No. 31, Exhs. E & F.) Plaintiff's responses are not verified under oath.

Defendants argue that no information has been provided to them other than the complaint allegations, and that they are entitled to know all requested evidence that Plaintiff has to support his claims. Therefore, they seek separate, complete, and verified responses, without objections, to each individual interrogatory.

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33, 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. *Evans v. Tilton*, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010).

As Plaintiff has failed to oppose the motion, he has presented no justification for the lack of response to Defendants' interrogatories. Accordingly, the Court will grant Defendants' motion to compel responses to their interrogatories. Plaintiff shall be required to answer the interrogatories separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

**2.     Requests for Production of Documents**

Defendants next argue that Plaintiff should be compelled to respond to Requests for Production Nos. 1-12 and 14, as his answers were non-responsive. Plaintiff directed Defendants to his C-file, medical files, and the CDCR litigation offices, as well as materials he provided with his opposition to Defendant Stewart's motion for summary judgment. Plaintiff also provided the name and address of his prison law office, stating that the attorneys there have records of his injuries. Finally, Plaintiff responded for certain requests that generally certain CDCR and Kern Valley prison polies, procedures, rules and regulations are responsive. (ECF No. 31, Ex. H.) These responses were also unverified.

///

2

Defendants argue that Plaintiff must identify the specific documents that support his claims to the extent he refers them to documents to which counsel has access, as they cannot determine what evidence he has determined support his claims without his direction.

Defendants also seek to compel a response to Request for Production No. 13, in which they sought all documents supporting Plaintiff's response to Defendant Garcia's Request for Admission No. 5. Plaintiff objected to and denied that Request for Admission, and refers to an "Exhibit A," but he did not identify what document or any page of Exhibit A to which he intended to refer. Defendants contend that the "Exhibit A" provided by Plaintiff is a "conglomerate of various documents" and Defendants are entitled to a specific response identifying the documents in support of his allegations. Exhibit A is provided, and appears to consist of about 15 pages of documents.

Defendants are entitled to discovery regarding any non-privileged matter relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1). In responding to requests for production, Plaintiff must produce documents or other tangible things which are in his "possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal.1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

In this case, in failing to oppose the motion, Plaintiff has not presented any basis for his lack of discovery responses. Accordingly, the Court will grant Defendants' motion to compel responses to their requests for production of documents. Plaintiff shall be required to provide documents responsive to Defendants' requests without objections. Fed. R. Civ. P. 34(b)(2)(B). To

the extent he seeks to rely on non-privileged documents in the possession of his current or formal attorneys, he must obtain the documents and provide them to Defendants. Specific documents must be identified in Plaintiff's responses, and verification must be provided.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel discovery responses, filed on September 13, 2017 (ECF No. 31), is GRANTED;

2. Within thirty (30) days of the date of service of this order, Plaintiff shall serve responses to Defendants Garcia's and Neighbors' First Set of Requests for Interrogatories. Plaintiff must answer each interrogatory separately and fully in writing and under oath; and

3. Within thirty (30) days of the date of service of this order, Plaintiff shall produce documents responsive to Defendants Garcia's and Neighbors' First Set of Requests for Production.

IT IS SO ORDERED.

Dated: **March 19, 2018**       /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE