UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>    v.<br><br>M. STEWART, et al.,<br><br>    Defendants. | No. 1:15-cv-01828-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION FOR SUMMARY JUDGMENT, GRANTING MOTION TO STRIKE, DENYING MOTION FOR SANCTIONS, AND REFERRING MATTER BACK TO THE MAGISTRATE JUDGE<br><br>(Doc. Nos. 24, 28, 29, 30, 39) |

    Plaintiff Reginald Ray York is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 15, 2017, defendant Stewart filed a motion for summary judgment asserting that plaintiff had failed to exhaust his available administrative remedies concerning his claim against defendant Stewart prior to filing suit as is required. (Doc No. 24.) Because plaintiff submitted two oppositions to this motion (*see* Doc. Nos. 26, 28), defendant Stewart filed a motion to strike plaintiff's second opposition as an unauthorized sur-reply on August 14, 2017. (Doc. No. 29.) On September 8, 2017, plaintiff filed a motion for sanctions against defendant Stewart and his

/////

1

counsel under Federal Rule of Civil Procedure 11(b), based largely on the filing of the motion to strike. (Doc. No. 30.)

On February 20, 2018, the assigned magistrate judge issued findings and recommendations addressing all of these motions. (Doc. No. 39.) Therein, the magistrate judge recommended striking and disregarding plaintiff's second response to defendant Stewart's motion for summary judgment. (*Id.* at 3–4.) The magistrate judge also recommended that plaintiff's motion for sanctions be denied, including plaintiff's request for an order requiring the California Department of Corrections and Rehabilitation to provide inmates with tablets and email service with the court. (*Id.* at 4–6.) Finally, the magistrate judge found that plaintiff had failed to exhaust his available administrative remedies on his claim against defendant Stewart for the alleged failure to decontaminate plaintiff's cell and, therefore, recommended that defendant Stewart's motion for summary judgment be granted. (*Id.* at 7–15.) The parties were given fourteen days to object to the findings and recommendations. (*Id.* at 15.) Plaintiff timely filed objections on March 12, 2018. (Doc. No. 40.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Plaintiff objects to the granting of the motion for summary judgment because he asserts that he did not know defendant Stewart's name at the time he sought to exhaust his administrative remedies, and therefore was not required by the prison's regulations to identify defendant Stewart in his inmate grievance. (Doc. No. 40 at 6.) Plaintiff's inmate grievance, however, specifically addressed only the alleged use of excessive force, not the failure of any prison official to decontaminate plaintiff's cell. (Doc. No. 39 at 13.) Moreover, the only potential reference to defendant Stewart in plaintiff's inmate grievance was his statement therein that he was "never allowed to speak to the lieutenant to document the condition of my cell and the damage to my personal property or to ISU for being assaulted by the sergeants." (*Id.*) Plaintiff's objections also indicate that his claim against defendant Stewart is not that this defendant failed to decontaminate

2

1 his cell, but rather that he failed to appropriately supervise the defendant officers who searched
2 his cell and failed to appropriately document the condition of that cell. (*Id.* at 9–10.) In sum, it
3 appears that plaintiff's inmate grievance—and possibly even his complaint in this case—was
4 simply that defendant Stewart failed to adequately document what had occurred. However, no
5 such claim was found by the court to be cognizable against defendant Stewart in this action.
6 Instead, this litigation is proceeding on an alleged Eighth Amendment claim asserting defendant
7 Stewart knew that pepper spray had been used in plaintiff's cell, that the cell was not
8 decontaminated, and that plaintiff was returned to the cell. Plaintiff may not change the nature of
9 the claims found to be cognizable in the course of objecting to the pending findings and
10 recommendations. *See Arceo v. Salinas*, No. 2:11-cv-2396 MCE KJN P, 2016 WL 6897226, at
11 *2 (E.D. Cal. Nov. 23, 2016) ("Plaintiff cannot, through objections, change the nature of his
12 pleading."); *Perkins v. Pfeiffer*, No. 1:08-cv-00516-AWI-GSA PC, 2008 WL 5220997, at *1
13 (E.D. Cal. Dec. 15, 2008) (same).

14 Meanwhile, plaintiff also objects to the recommendation that his second opposition to
15 defendant Stewart's summary judgment motion be struck, suggesting that the magistrate judge
16 should have instead struck his first opposition because it was not filed by him and did not reflect
17 his signature. (*Id.* at 15–17.) In fact, the opposition considered by the magistrate judge did
18 reflect plaintiff's signature. (Doc. No. 26 at 25.) Plaintiff has not presented any authority
19 demonstrating the magistrate judge erred in accepting his earliest filed opposition and considering
20 it in ruling on the pending motion. Plaintiff has likewise not explained how or why he would
21 have prevailed in opposing the motion for summary judgment, even if his second, unauthorized,
22 opposition were considered by the court. Therefore, the court will accept the magistrate judge's
23 recommendation and strike plaintiff's unauthorized second opposition to the pending motion for
24 summary judgment.

25 Finally, plaintiff objects to the magistrate's recommendation that his motion for sanctions
26 be denied. The undersigned concludes that the objections provide no basis upon which this court
27 should decline to adopt the magistrate judge's findings and recommendations in this regard.
28 Accordingly, plaintiff's motion for sanctions will be denied.

For all of these reasons:

1. The findings and recommendations issued on February 20, 2018 (Doc. No. 39), are adopted in full;
2. Defendant Stewart's motion to strike plaintiff's August 4, 2017, second and unauthorized, opposition to the motion for summary judgment (Doc. No. 29), is granted;
3. Plaintiff's second, unauthorized, opposition, filed on August 4, 2017 (Doc. No. 28), is stricken;
4. Plaintiff's motion for sanctions and for injunctive relief (Doc. No. 30) is denied in its entirety;
5. Defendant Stewart's motion for summary judgment due to plaintiff's failure to exhaust his available administrative remedies with respect to his claim against defendant Stewart (Doc. No. 24) is granted;
6. Defendant Stewart is dismissed from this action, without prejudice, due to plaintiff's failure to exhaust his available administrative remedies with respect to his claim against defendant Stewart prior to filing suit as required; and
7. This action is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 21, 2018**

UNITED STATES DISTRICT JUDGE