# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>  v.<br><br>G. GARCIA, et al.,<br><br>    Defendants. | No.: 1:15-cv-01828-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PARTIES' CROSS-MOTIONS FOR SANCTIONS<br><br>[Doc. Nos. 53, 57]<br><br>**FOURTEEN-DAY DEADLINE** |

## I. Introduction

Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983.

On May 21, 2018, Defendants filed a motion for sanctions for the failure to provide discovery responses and to comply with a court order. (Doc. No. 53.) Following the Court's order requiring a response to that motion, Plaintiff filed a cross-motion for sanctions and opposition, on June 22, 2018. (Doc. No. 57.) Defendants filed a reply on June 28, 2018. (Doc. No. 58.) The motions are deemed submitted. Local Rule 230(l).

## II. Motions for Sanctions

### A. Legal Standards

Broad sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, a court may issue further just

1

orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. *Id.* Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances—i.e., willful disobedience or bad faith. *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). Even a single willful violation may suffice depending on the circumstances. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest concealment of critical evidence justified dismissal).

Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007).

### B. Parties Arguments

Defendants seek an order terminating this action as a sanction for Plaintiff's failure to respond to discovery, and comply with a court order granting a motion to compel those discovery responses. Defendants argue that they are prejudiced in their ability to defend against Plaintiff's claim, as he has not adequately responded to interrogatories and requests for production despite the Court's clear instructions in its order. In the alternative, Defendants seek evidentiary sanctions.

In opposition, Plaintiff argues that Defendants' motion is frivolous, and that defense counsel should be sanctioned for bringing a harassing motion. Plaintiff argues that he provided responses in good faith, that defense counsel never attempted to meet and confer over any alleged deficiencies in the responses, and that sanctions are not warranted. Plaintiff also argues that the Court's order granting the motion to compel was clearly erroneous.

2

In reply, Defendants argue that Plaintiff's apparent attempt to challenge the order granting their motion to compel is improper and meritless. Defendants stand by their argument that Plaintiff's discovery responses were inadequate and non-responsive, warranting sanctions. Further, Defendants argue that Plaintiff's request for sanctions must be denied, as he has not satisfied the requirements for such a motion, and because their motion was not improperly brought.

**C. Discussion**

**1. Order Granting Motion to Compel**

On September 13, 2017, Defendants filed a motion for an order compelling Plaintiff to respond to Defendants' First Set of Requests for Interrogatories and First Set of Requests for Production of Documents. (Doc. No. 31.) In response to the Interrogatories, Plaintiff responded that he "cannot recall all facts at this time that he has not provided already to the Defendants or their attorney." (Doc. No. 31, Exs. E & F.) In response to the Requests for Production, Plaintiff generally directed Defendants to various materials, but did not identify what specific documents were responsive to the Requests. Plaintiff's responses were also unverified. (*Id*. at Ex. H.)

On March 19, 2018, the Court granted Defendants' motion to compel. (Doc. No. 41.) The Court determined that Plaintiff's discovery responses were inadequate. Plaintiff was ordered to serve complete and verified responses within thirty (30) days. (*Id*. at 4.)

As a threshold issue, Plaintiff asserts that the Court granted Defendants' motion to compel in error. In support, he contends that he never received the motion to compel, and therefore was without an opportunity to respond to the motion.

Even accepting Plaintiff's contention as true that he was not served with the motion to compel, Plaintiff was served with and received the Court's order granting the motion, as shown by his declaration. (Pl.'s Decl., Doc. No. 47, ¶ 7 & Ex. D.) Yet, he never objected to that order or raised this matter until now, nearly six months after the order was issued.[1] *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (motion

---

[1] In the interim, Plaintiff opposed a motion for summary judgment, filed objections and filed an appeal when that motion was denied. Thus, he was receiving filings in this case and was actively working on the case. (See e.g., Doc. No. 36, 40, 46.)

for reconsideration may not raise new arguments or present evidence that could reasonably have been raised earlier in the litigation).

The Court also finds no error in its prior ruling based on the arguments that Plaintiff raises at this late date. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Here, Plaintiff asserts that the order was erroneous because defense counsel did not meet and confer with Plaintiff prior to filing the motion to compel.

The Court's March 16, 2017 discovery and scheduling order provides that the meet and confer requirement from Federal Rule of Civil Procedure 37 does not apply to this case, unless otherwise ordered. (See Doc. No. 21 at ¶ 4.) In other words, the parties are exempt from that requirement, and defense counsel did not have to meet and confer with Plaintiff prior to filing the motion to compel. Thus, Defendants' motion to compel was not procedurally defective, and Plaintiff has not shown sufficient cause to reconsider the order granting the motion to compel.

Finding no error in the issuance of the order granting Defendants' motion to compel, the Court next turns to Defendants' motion for sanctions for the failure to comply with that order.

### 2. Defendants' Motion for Sanctions

In response to the Court's order, Plaintiff served revised discovery responses. Defendants argue that because many of those responses remain inadequate, Plaintiff has failed to comply with the Court's order, and sanctions are appropriate. The Court therefore analyzes the discovery requests and responses.

#### a. Interrogatories

Defendants argue that Plaintiff provided inadequate, non-responsive answers to Defendant Neighbors' Interrogatories Nos. 1, 2, 4, 6, 8, 13, and 15, and Defendant Garcia's Interrogatories Nos. 1, 3, 4 and 6. These Interrogatories asked Plaintiff to state all facts and identify all people who have knowledge of facts supporting his allegations of excessive force, the failure to protect him from an excessive use of force, and the failure to decontaminate his cell.

4

They request that Plaintiff generally identify all facts supporting his claims for each respective Defendant, and the factual basis about specific allegations in the complaint.

Plaintiff's responses to those Interrogatories repeatedly state that Plaintiff "cannot recall" any facts or witness information that has not already been provided to Defendants, defense counsel, or in the complaint, just as his previous responses stated. (De La Torre-Fennell Decl., Doc. No. 53-1, Exs. I, J.) Plaintiff also adds objections on the grounds that he does not remember the information requested and due to harassment. (*Id*.) Some of responses refer Defendants to search their own personnel files, CDCR's audio or video tapes, or otherwise instruct them to determine the answers to the Interrogatories for themselves. (*Id*.) Other responses simply generally refer to the United States Constitution or to certain parts of the California Code of Regulations. (*Id*.)

In his opposition, Plaintiff argues that sanctions should be denied because there was no meet and confer on the deficiencies in his responses. Plaintiff otherwise stands on his responses, and asserts that he does not recall the information requested. Plaintiff also stands by his objections, arguing that these Interrogatories are unduly burdensome and harassing.

Federal Rule of Civil Procedure 33(b) requires a responding party to answer each interrogatory fully in writing under oath, or to state specific objections. Fed. R. Civ. P. 33(b)(3), (4). Here, Defendants' interrogatories are not objectionable, in that they are appropriately attempting to determine the factual basis for Plaintiff's claims, narrow the issues, and gather relevant information to prepare for deposing Plaintiff and presenting a meaningful defense at trial. A party may not refuse to respond to a requesting party's discovery request on the grounds that the requested information is in the possession of the requesting party. A defendant is entitled to know the facts upon which a Plaintiff alleges the Defendant faces liability.

Plaintiff has now twice failed to respond to these basic interrogatories, stating he cannot remember the basis for his own lawsuit, which the Court does not find credible. Several of his responses deflect the burden of responding to Defendants, leaving for them to determine the basis for his claims or the information, witnesses, and facts that he intends to rely upon. As a result, the Court finds that Plaintiff has willfully refused to provide interrogatory responses, and

has violated its March 19, 2018 order requiring him to answer each interrogatory separately and fully under oath.

### b. Requests for Production

Defendants also argue that Plaintiff has provided non-responsive answers to their Requests for Production Nos. 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12. These Requests seek documents supporting Plaintiff's claims, including regarding his medical condition, alleged injuries suffered, and his specific contentions regarding his version of the events at issue. Defendants also sought documents related to Plaintiff's responses to various interrogatories and requests for admission. Previously, Plaintiff had generally directed Plaintiff to his C-file, documents being held by other attorneys, and various other general categories of files, materials, and documents. Finding these responses insufficient, the Court ordered Plaintiff to obtain and produce any documents in his custody and control, such as from any of his counsel, and to specifically identify responsive documents to the requests. (ECF No. 41, at 3-4.)

Plaintiff's revised responses are substantively unchanged. He also objects that the requests are unclear, that the documents can be obtained by defense counsel, or are in the possession of his counsel from the Prison Law Office. (De La Torre-Fennell Decl., Ex. K.) Plaintiff adds references to a letter by defense counsel informing him that she would be requesting access to his central file and unit health record to show that she can obtain whatever she needs. (*Id*.) He also provides letters between him and the Prison Law Office that has the contact information of various attorneys and law firms. (*Id*.) Plaintiff directs defense counsel to use the contact information provided, the complaint, the records that he contends she can request or has access to, and other documents in the record to determine the responses. (*Id*.)

In his opposition, Plaintiff states that when he contacted the Prison Law Office following the Court's March 19, 2018 order, he received a response directing him to contact another firm to obtain his documents. That letter was provided to defense counsel in this case. Plaintiff also argues that his C-file and medical records are available to defense counsel, and that he identified responsive documents. Therefore, he argues that Defendants have not shown that he failed to comply with the Court's March 19, 2018 order.

6

In responding to requests for production, a party must produce documents or other tangible things which are in his, her, or its "possession, custody, or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal.1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

Defendants' Requests for Production here are not unclear or improper, contrary to Plaintiff's objections. The Request seek, in plain language, the documents that Plaintiff intends to rely upon to support his claims. Plaintiff is correct that Defendants should not seek to compel the production of documents which are equally available to them, such as documents from Plaintiff's C-file. (*See* Discovery and Scheduling Order, Doc. No. 21, ¶ 4.) And, Plaintiff has identified a handful of specific documents in some of his responses. However, Plaintiff has indicated that responsive documents are in the possession of his counsel or were transferred to other attorneys. Instead of obtaining those documents within his control and not within the control of Defendants, he improperly suggests that defense counsel should contact his other attorneys. Plaintiff has already been warned that he cannot do this, and there is no indication here that defense counsel has any authority to obtain records from his attorneys.

Plaintiff also cannot put the burden on defense counsel to identify what documents are responsive to these requests by asserting that counsel must analyze his complaint and other records, and determine what documents he will rely upon. As he was previously warned, specific documents that are responsive must be identified. Therefore, the Court finds that Plaintiff has willfully failed to fully respond to requests for production, and failed to obey the Court's March 19, 2018 order in that he produce and identify responsive documents to Defendants' Requests for Production.

///

**c. Sanction**

As noted above, Defendants seek terminating sanctions. Factors to be weighed when considering dismissal are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Serv*. 833 F.2d 128, 130 (9th Cir. 1987), *cert. denied* 488 U.S. 819 (1988).

In this case, given Plaintiff's continued refusal to comply with the Court's order compelling discovery responses, factors 1 and 2 weigh strongly in favor of dismissal of this action. This case has been pending since 2015, and it should be a relatively straightforward excessive force/failure to protect/decontaminate case. Even so, the case is mired in a longstanding discovery dispute which should have been resolved by Plaintiff's fully compliant answers. Defendants are entitled to know the facts upon which Plaintiff bases his claims and the documents which support his claims. This Court has not lost sight of the strong interest in resolving cases on the merits. But even this strong interest in deciding cases on the merits cannot override a litigant's conduct in refusing to abide by court orders. Although generally the public policy favoring disposition of cases on the merits would weigh in favor of a lesser sanction than dismissal, here, where Plaintiff's misconduct is the cause of delays and prejudice to Defendants, that factor does not weigh in Plaintiff's favor.

Defendants are prejudiced by being unable to obtain answers, information, and documents concerning the fundamental, basic support for Plaintiff's claims, damages, and the factual basis for his allegations. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). In addition to violating the Federal Rules of Civil Procedure and this Court's order, Plaintiff's non-responsiveness to Defendants' discovery requests deprives Defendants of the opportunity to reasonably prepare for Plaintiff's deposition and for defense at trial. Now, three years into this case and over a year since first requested, Defendants are no further along in learning the evidence which supports Plaintiff's claims than when the case was filed. As

Plaintiff discloses in his own submissions, plans to take his deposition on May 16, 2018 had to be cancelled when defense counsel found that Plaintiff failed to provide complete discovery responses in response to the Court's March 19, 2018 order. (Pl.'s Opp'n, Doc. No. 57, ¶ 53 & Ex. F.) Due to Plaintiff's conduct, Defendants have been forced to expend time and resources attempting to secure his cooperation by filing motions (including the instant Motion for Sanctions).

Finally, the Court considered lesser sanctions, but no lesser sanction is warranted. Evidentiary sanctions would be ineffective, as Plaintiff may still be able to testify to information that he has withheld and the Court may have no practical way of excluding such testimony. Given Plaintiff's *pro se* status and failure to obey the Court' orders and rules, as well as the significant hampering of Defendants' ability to defend this case under the circumstances, monetary or other lesser sanctions are not feasible here.

The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Here, Plaintiff has known that these discovery requests were pending since July 2017 and remained pending for a year without an appropriate answer by Plaintiff. Given the ample time Plaintiff has had to provide appropriate discovery responses, and the substantial prejudice to Defendants, the Court finds that lesser sanctions would be ineffective and insufficient to address Plaintiff's willful behavior and bad faith. For these reasons, the Court recommends that Defendants' request for terminating sanctions be granted.

### 3. Plaintiff's Motion for Sanctions

Finally, the Court turns to Plaintiff's motion for sanctions under Rule 11. As thoroughly discussed above, the Court does not find improper conduct by Defendants in bringing their motion for sanctions. Also, the Court finds that Plaintiff has not shown that he complied with the motion presentation requirements of Rule 11, further precluding sanctions here. *See* Fed. R. Civ. P. 11(c)(2) (motion for sanctions under Rule 11 must be served on non-moving party prior to filing and must allow 21 days after service to withdraw challenged paper, claim, defense,

contention or denial); *Metcalf v. Anchorage Daily News, Inc.*, 78 Fed. Appx. 24, 25 (9th Cir. 2003) (failure of moving party to serve copy of motion prior to filing precludes the court from awarding sanctions). Therefore, the Court recommends that Plaintiff's request for sanctions under Rule 11 be denied.

### III. Conclusion

For the reasons stated above, it is HEREBY RECOMMENDED that:

1. Defendants' motion for terminating sanctions, filed on May 21, 2018 (Doc. No. 53) be granted;

2. Plaintiff's request for sanctions, filed on June 22, 2018 (Doc. No. 57), be denied; and

3 This action be dismissed, with prejudice, for Plaintiff's failure to failure to obey a court order and failure to make disclosures and cooperate in discovery. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); L.R. 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 27, 2018**         /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE