UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>    v.<br><br>M. STEWART, et al.,<br><br>    Defendants. | No. 1:15-cv-01828-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING DEFENDANTS' MOTION FOR SANCTIONS IN PART, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(Doc. No. 53, 57) |

    Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's claims against defendant Garcia for excessive use of force, defendant Neighbors for failure to protect plaintiff from the excessive use of force, and defendants Garcia and Neighbors for the failure to decontaminate plaintiff's cell, all in violation of the Eighth Amendment. The claims arise out of plaintiff's allegations that defendants grabbed and dragged him and used pepper spray on him without cause following a cell search on January 18, 2014, and failed to decontaminate his cell from the pepper spray. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

/////

1

On September 13, 2017, defendants filed a motion to compel responses to their first set of interrogatories and first set of requests for production. (Doc. No. 31.) On March 29, 2018, the court granted the motion to compel, finding plaintiff's answers to the discovery requests to be non-responsive. (Doc. No. 41.)

On May 21, 2018, defendants filed a motion for imposition of sanctions due to plaintiff's failure to provide discovery responses, and the failure to comply with the court's March 19, 2018 order. (Doc. No. 53.) Plaintiff filed a cross-motion for sanctions and an opposition to defendants' motion on June 22, 2018. (Doc. No. 57.) Defendants filed a reply to plaintiff's opposition and cross-motion for sanctions on June 28, 2018. (Doc. No. 58.)

On September 27, 2018, the assigned magistrate judge issued findings and recommendations regarding the motions for sanctions. (Doc. No. 61.) The magistrate judge found that plaintiff had willfully failed to adequately respond to defendants' interrogatories and requests for production, and failed to obey the magistrate judge's March 19, 2018 order granting defendants' motion to compel. (*See* Doc. No. 41.) Upon considering the relevant factors, the magistrate judge recommended that terminating sanctions be imposed. Finally, the magistrate judge recommended that plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11 be denied. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 10.) Plaintiff timely filed objections that were delivered to prison officials for mailing on October 15, 2018, and received by the court on October 22, 2018. (Doc. No. 20.) Defendants filed a timely response to plaintiff's objections on October 29, 2018. (Doc. No. 63.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court adopts the findings and recommendations in part, as explained below.

In his objections, plaintiff argues that the magistrate judge erred in finding the imposition of sanctions appropriate because defendants did not comply with the safe harbor requirement of Rule 11. *See* Fed. R. Civ. P. 11(c)(2). However, the court notes that defendants did not seek sanctions under Rule 11, but rather under Rule 37 and Local Rule 110. Therefore, the safe harbor

2

requirement does not apply here.  The court further finds no merit in plaintiff's argument that the court cannot relieve the parties of the meet and confer requirement in Rule 37, or that the court erred in granting defendants' motion to compel.

As to the discovery responses themselves, the assigned magistrate judge found that plaintiff's answers were frequently non-responsive.  For instance, in response to basic interrogatories—such as asking plaintiff to "state all facts that support [his] claim" and to "describe all injuries and complaints . . . [he] suffered" as a result of these alleged incidents—plaintiff responded that he "can not recall at this time, any additional information that has not been provided to the Defendants' attorney." (Doc. No. 53-1 at 46.)  Plaintiff provided identical responses to each of defendants' interrogatories, and provided more substantive responses only after being required to do so by the magistrate judge.  (*See id.* at 46–64.)

With respect to the requests for production, defendants sought any documents supporting plaintiff's version of events, but plaintiff declined to provide any.  Instead, plaintiff generally responded that documents were available from other sources and that defendants' attorney could obtain them there.  (*Id.* at 76–86.)  In response to the court's order compelling plaintiff to respond, plaintiff provided documents he believed relevant to defendants' requests.  Although his response to the request for production of documents is not entirely clear, plaintiff appears to state that these documents constitute "all the legal documents he has possession and knowledge of at this time," and that he will provide defendants with any additional documents he receives subsequently.  (*Id.* at 137.)

There is no doubt that plaintiff has not adequately cooperated with participated in discovery in this case.  Although plaintiff provided some responses to defendants' interrogatories and requests for production, and now provides some clarification, the clarification comes at a late stage of the litigation.  Moreover, although plaintiff eventually attended his deposition, that does not relieve him of the requirement to give full and complete responses to defendants' written discovery requests, or of the requirement that he comply with the court's orders.  The court finds that the imposition of sanctions is warranted here to the extent plaintiffs' discovery responses have been less than complete and forthright.

That said, the court is cognizant that sanctioning a party by dismissing their case entirely "is a harsh remedy and should only be imposed in 'extreme circumstances.'" *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Accordingly, the Ninth Circuit permits imposition of such terminating sanctions only after the district court has weighed: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions.") (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). Here, the magistrate judge found that this case has been pending since 2015 even though it concerns relatively straightforward allegations. The magistrate judge further found that plaintiff's misconduct and failure to obey court orders has caused significant delay in the litigation, prejudice to defendants, and consumed judicial resources in requiring repeated motions and rulings on this matter. Defendants' interrogatories appropriately sought the evidence in support of plaintiff's allegations, and were originally met with objections and non-responsive answers. It was only after the magistrate judge granted defendants' motion to compel that plaintiff began providing substantive discovery responses.

The undersigned has also carefully considered whether lesser sanctions are available. Defendants proposed such a sanction in their motion, asking that in the event the court was not inclined to impose terminating sanctions, the court should nonetheless prohibit plaintiff from supporting his case or opposing defendants' defenses with any evidence he has not already disclosed. Such a sanction would, at least to some degree, remedy the prejudice to defendants, who obviously should not be forced to litigate this case without full access to the evidence. Moreover, the case could then proceed to a consideration on the merits, a result to be preferred if at all possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The undersigned concludes that imposition of this lesser sanction, rather than the imposition of terminating sanctions, strikes

4

the appropriate balance between ameliorating any prejudice to defendants and permitting this case to proceed to the merits. The court therefore adopts the findings and recommendations in part.

For these reasons,

1. The findings and recommendations issued on September 27, 2018 (Doc. No. 61) are adopted in part, as explained above;
2. Defendants' motion for sanctions (Doc. No. 53) is granted in part;
3. Plaintiff's motion for sanctions (Doc. No. 57) is denied;
4. The court hereby imposes sanctions on plaintiff, and plaintiff is prohibited from supporting his case or opposing defendants' defenses with any evidence not already disclosed by plaintiff to defendants; and
5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **December 18, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE