UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>  v.<br><br>G. GARCIA, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01828-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A RULING ON MOTION FOR SUMMARY JUDGMENT AND FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 76) |

Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendant Garcia for excessive force, Defendant Neighbors for failure to protect Plaintiff from the use of force, and Defendants Garcia and Neighbors for failure to decontaminate Plaintiff's cell.

On December 3, 2018, Plaintiff filed a motion for summary judgment. (ECF No. 64.) On February 4, 2019, Defendants Garcia and Neighbors filed both an opposition to Plaintiff's motion for summary judgment and their own motion for partial summary judgment. (ECF Nos. 68, 69.) On February 21, 2019, Plaintiff filed a reply to his own motion for summary judgment. (ECF No. 70.) On February 28, 2019, Defendants filed a reply in support of their motion for partial summary judgment. (ECF No. 71.) Also, on February 28, 2019, Plaintiff filed an opposition to Defendants' motion for partial summary judgment. (ECF No. 72.) On March 18, 2019, the Court granted Defendants' request for leave to file a supplemental reply to their motion for partial summary

1

judgment.  (ECF No. 74.)  On March 22, 2019, Defendants filed a supplemental reply to their motion for partial summary judgment.  (ECF No. 75.)

Currently before the Court is Plaintiff's motion for a ruling on motion for summary judgment and for appointment of counsel, filed on June 10, 2019.  (ECF No. 76.)  In his motion, Plaintiff asserts that his First Amendment right to a just, speedy, and inexpensive determination of his court action has been violated because, even though this action was filed almost five years ago, this action has not yet been resolved due to the Court's delay in deciding Plaintiff's pending motion for summary judgment and the Defendants' pending motion for partial summary judgment.  Further, Plaintiff contends that the Court should appoint counsel to represent him because he has been prejudiced by the fact that this action has been proceeding for almost five years.

First, with regards to Plaintiff's request for a ruling on his own pending motion for summary judgment and Defendants' pending motion for partial summary judgment, Plaintiff is reminded that this Court has an extremely large number of *pro se* plaintiff civil rights cases pending before it, and, therefore, delay is inevitable despite the Court's best efforts.  Due to the heavy caseload, both Plaintiff's motion for summary judgment and Defendants' motion for partial summary judgment are still awaiting decision.  The Court is aware of the pendency of this action and will decide both Plaintiff's and Defendants' motions for summary judgment in due course.  Therefore, the Court denies Plaintiff's motion for a ruling on motion for summary judgment.

Second, with regards to Plaintiff's request for appointment of counsel, the Court notes that Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).  Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Therefore, Plaintiff's request for the appointment of counsel is denied, without prejudice.

Accordingly, Plaintiff's motion for a ruling on motion for summary judgment and for appointment of counsel, (ECF No. 76), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **June 13, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE