UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. GARCIA, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-01828-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING IN PART DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 64, 69, 78 ) |

Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 27, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for summary judgment be denied and that the cross-motion for summary judgment brought on behalf of defendants Garcia and Neighbors be granted in part and denied in part. (Doc. No. 78.) Specifically, the findings and recommendations recommended that defendants' motion for summary judgment be granted as to plaintiff's conditions of confinement claim against defendants Garcia and Neighbors, and be denied as to plaintiff's failure to intervene/protect claim against defendant Neighbors. (*Id.* at 16.) The findings and

1

recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 16–17.) On September 16, 2019, plaintiff filed objections. (Doc. No. 79.) Defendants Garcia and Neighbors did not file any objections, and the time for doing so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, plaintiff first argues that the magistrate judge improperly considered the verified declarations of defendants Garcia and Neighbors as evidence. Specifically, plaintiff argued that those declarations were inadmissible because the defendants failed to turn over the documents they intended to rely upon to oppose plaintiff's summary judgment motion and to support their own cross-motion for summary judgment, in violation of Federal Rule of Civil Procedure 26(a)(1)(A). However, defendants were under no obligation to turn over any documents or otherwise comply with Rule 26(a)(1)(A) because cases brought by *pro se* prisoners, such as this one, are explicitly exempted from Rule 26(a)(1)(A)'s initial disclosure requirements. Fed. R. Civ. P. 26(a)(1)(B)(iv) (stating that "an action brought without an attorney by a person in the custody of the … state" is exempt from the initial disclosure requirement). Therefore, the magistrate judge properly considered the challenged declarations as evidence.

Second, plaintiff argues that summary judgment should be granted in his favor on his excessive force claim against defendant Garcia because defendant Garcia and the magistrate judge failed to produce any evidence that Garcia was authorized under California Department of Corrections and Rehabilitation ("CDCR") policy, rule or procedure or established law to use pepper spray against the plaintiff while plaintiff sat on the ground in restraints and defenseless. However, as explained by the assigned magistrate judge, because plaintiff's verified complaint and defendants Garcia's declaration establish conflicting versions of the incident between plaintiff and defendant Garcia, there are genuine issues of material fact regarding whether there was a need for the use force on plaintiff, the relationship between the need for the application of

2

force and the amount of force actually used on plaintiff, and the threat reasonably perceived by defendant Garcia. Thus, the magistrate judge concluded that plaintiff was not entitled to judgment as a matter of law. The undersigned finds no error with this analysis.

Third, plaintiff argues that the cross-motion for summary judgment brought on behalf of defendants Garcia and Neighbors with respect to his condition of confinement claim should be denied.[1] Specifically, plaintiff asserts that he has presented evidence showing that both defendants Garcia and Neighbors were aware that defendant Garcia had used pepper spray on plaintiff outside of the cell and on plaintiff's cellmate inside of the cell, that the CDCR Department Operations Manual requires staff who use force or who observes a use of force to document their knowledge of steps taken to decontaminate the housing unit after chemical agents are used, and that both defendants received training in the possible effects that pepper spray might have on a person. However, even assuming that both defendants Garcia and Neighbors were aware (1) that defendant Garcia had used pepper spray inside of plaintiff's cell, (2) that CDCR policy required both defendants to document their knowledge of steps taken to decontaminate plaintiff's cell after pepper spray was used, and (3) that both defendants received training in the possible effect that pepper spray might have on a person, this evidence, at best, demonstrates merely that defendants Garcia and Neighbors should have been aware that plaintiff faced a substantial risk of serious harm from the pepper spray residue in his cell. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002) (stating that if a prison official "should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk"), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016). Plaintiff did not come forward with evidence on summary judgment establishing at least a genuine issue of material fact regarding whether defendants Garcia and Neighbors were actually aware that plaintiff faced a substantial risk of serious harm from the pepper spray residue in his cell and disregarded that risk by failing to take reasonable steps to
/////

---

[1] Plaintiff also argues in his objections that summary judgment should be granted in his favor on this claim.

3

abate it.  In light of plaintiff's failure to present such evidence, the undersigned finds no error with the magistrate judge's analysis.

Accordingly,

1. The findings and recommendations issued on August 27, 2019 (Doc. No. 78) are adopted in full;

2. Plaintiff's motion for summary judgment (Doc. No. 64) is denied;

3. Defendants Garcia's and Neighbors's cross-motion for summary judgment (Doc. No. 69) is granted in part and denied in part as follows:

    a. Summary judgment is granted in favor of defendants Garcia and Neighbors as to plaintiff's condition of confinement claim;

    b. Summary judgment is denied as to plaintiff's failure to intervene/protect claim;

4. This action now proceeds only on plaintiff's complaint against defendant Garcia for excessive use of force in violation of the Eighth Amendment, and against defendant Neighbors for failure to intervene/protect in violation of the Eighth Amendment; and

5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **September 24, 2019**

UNITED STATES DISTRICT JUDGE