# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>Plaintiff,<br><br>v.<br><br>G. GARCIA, et al.,<br><br>Defendants. | Case No.: 1:15-cv-01828-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A COURT ORDER REQUIRING DEFENDANTS TO HOLD A SETTLEMENT CONFERENCE WITH PLAINTIFF AND FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 90) |

Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendant Garcia for excessive force and against Defendant Neighbors for failure to intervene/protect Plaintiff from the use of force. (ECF No. 81.)

On November 8, 2019, Magistrate Judge Stanley A. Boone conducted a settlement conference in this case at California State Prison, Corcoran. This case did not settle at that time.

Currently before the Court is Plaintiff's motion for "a court order for the Defendants' and prison representative to hold a settlement conference hearing with the Plaintiff to negotiate a settlement based upon the claims in this case and appointment of an attorney[,]" filed on December 2, 2019. (ECF No. 90.) In his motion, Plaintiff argues that the Court should order Defendants and a prison representative to hold a settlement conference with the Plaintiff in order to negotiate a settlement based upon the claims of this case that is fair and reasonable and within CDCR's insurance policy limits because the settlement offers at the prior settlement conference were not properly based upon the value of this case. Further, Plaintiff contends that the Court

1

should appoint counsel to represent him because he cannot afford to hire a lawyer, his imprisonment greatly limits his ability to litigate this case, a lawyer would be helpful during the trial process, and Plaintiff was diagnosed with anti-social personality disorder in 1994.

First, with regards to Plaintiff's request to have this Court set another settlement conference and require Defendants and a prison representative to negotiate a settlement with Plaintiff, Plaintiff does not have either a constitutional right or a right under California law to settle his case for an amount that he considers to be fair and reasonable. Additionally, Defendants are not bound by any authority cited by Plaintiff to settle this case because Defendants are not insurers and are not otherwise required to settle with Plaintiff. Therefore, the Court denies Plaintiff's request to set a second settlement conference in this case. However, Plaintiff is not precluded from negotiating directly with defense counsel. What is fair and reasonable for settlement purposes is the subject of the parties' settlement negotiations.

Second, with regards to Plaintiff's request for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. Initially, circumstances common to most prisoners, such as

lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Specifically, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.").

Further, with respect to Plaintiff's claim that his diagnosed mental illness makes this case too complex for him to litigate at this stage of the proceedings, a plaintiff that shows an ability to reasonably articulate his claims is not entitled to appointment of counsel, regardless of whether the plaintiff has mental health problems. See Warren v. Harrison, 244 F. App'x 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because the plaintiff demonstrated an ability to articulate his claims *pro se*); Miller v. McDaniel, 124 F. App'x 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because the plaintiff demonstrated an ability to articulate his claims *pro se*). Here, while Plaintiff has alleged that this case is too complex for him to litigate, the Court finds that Plaintiff's claims do not present novel or complex issues of substantive law and that Plaintiff has demonstrated that he is able to clearly articulate his claims and prosecute this action. Therefore, Plaintiff's request for the appointment of counsel is denied, without prejudice.

Accordingly, Plaintiff's motion for a court order requiring Defendants to hold a settlement conference with Plaintiff and for appointment of counsel, (ECF No. 90), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **December 4, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE