# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>v.<br><br>G. GARCIA, *et al.*,<br><br>    Defendants. | Case No. 1:15-cv-01828-DAD-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SECOND SCHEDULING ORDER, GRANTING DEFENDANTS' MOTION TO MODIFY SECOND SCHEDULING ORDER, AND DENYING AS MOOT DEFENDANTS' REQUEST TO MODIFY DEADLINE TO FILE PRETRIAL STATEMENT<br><br>(ECF Nos. 93, 97, 99)<br><br>**AMENDED SECOND SCHEDULING ORDER**<br><br>Telephonic Trial Confirmation Hearing: September 8, 2020 at 1:30 p.m. in Courtroom 5 (DAD)<br><br>Jury Trial: November 3, 2020 at 8:30 a.m. in Courtroom 5 (DAD) |

Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendant Garcia for excessive force and against Defendant Neighbors for failure to intervene/protect Plaintiff from the use of force. (ECF No. 81.)

**I.    Background**

On September 24, 2019, Plaintiff's motion for summary judgment was denied and Defendant Garcia's and Neighbors' cross-motion for summary judgment was granted in part and denied in part. (ECF No. 81.)

1

On November 8, 2019, Magistrate Judge Stanley A. Boone conducted a settlement conference in this case at California State Prison, Corcoran. This case did not settle at that time.

On November 12, 2019, the Court issued the second scheduling order in this case, setting this case for a telephonic trial confirmation hearing on March 23, 2020 and for a jury trial on May 27, 2020, and setting the deadlines for serving and filing pretrial statements, for serving and filing motions for the attendance of incarcerated witnesses and oppositions to such motion, for notifying the Court of the names and locations of any unincarcerated witnesses who refuse to testify voluntarily, and for submitting the money orders for witness fees for any unincarcerated witnesses who refuse to testify voluntarily.

On December 2, 2019, Plaintiff filed a motion for "a court order for the Defendants' and prison representative to hold a settlement conference hearing with the Plaintiff to negotiate a settlement based upon the claims in this case and appointment of an attorney." (ECF No. 90.) On December 4, 2019, the Court denied Plaintiff's motion for a court order requiring Defendants to hold a settlement conference with Plaintiff, and for appointment of counsel. (ECF No. 91.)

On December 23, 2019, Plaintiff filed a "memorandum of points and authorities in support of the Plaintiff's motion to modify the attendance of unincarcerated witnesses and second scheduling order." (ECF No. 93.) Specifically, Plaintiff requests a 60-day extension of the deadlines for filing a notice of the names and locations for the attendance of unincarcerated witnesses who refuse to testify voluntarily, a motion for the attendance of incarcerated witnesses, and his pretrial statement, and a 60-day continuance of the telephonic trial confirmation hearing. Plaintiff asserts that he needs the additional time because his motion for reconsideration of the undersigned's order denying Plaintiff's motion for a court order to compel participation in a mandatory settlement conference and appointment of counsel is currently pending before the District Judge and he is also going through multiple surgeries for his various medical conditions. The Court interprets Plaintiff's filing as a motion to modify the Court's November 12, 2019 second scheduling order, (ECF No. 88).

On January 2, 2020, Plaintiff filed a "memorandum of points and authorities in support of Plaintiff's motion for reconsideration." (ECF No. 94.) This motion remains pending before the

District Judge.

Also, on January 2, 2020, the Court ordered Defendants Garcia and Neighbors to file a response to Plaintiff's motion to modify the November 12, 2019 second scheduling order on or before January 17, 2020. (ECF No. 95.)

On January 17, 2020, Defendants Garcia and Neighbors filed a notice of non-opposition to Plaintiff's motion to modify second scheduling order. (ECF No. 96.) No reply to Plaintiff's motion to modify the second scheduling order has been filed, and the time to do so has expired.

Also, on January 17, 2020, Defendants Garcia and Neighbors filed their own motion to modify the November 12, 2019 second scheduling order. (ECF No. 97.) In their motion, Defendants request that all of the upcoming pretrial deadlines and the trial date be reset because necessary witnesses and defense counsel are unavailable for the May 27, 2020 trial date. Defendants request that the Court continue the trial date to the next available date between July 20, 2020 and October 2, 2020 or on a date after October 16, 2020. (Id.) Plaintiff did not file a response to Defendants' motion to modify the second scheduling order, and the time to do so has expired.

On February 14, 2020, Defendants Garcia and Neighbors filed a request to modify deadline to file pretrial statement. (ECF No. 99.) Defendants state that the Court should grant their request to modify the current pretrial statement deadline because their pretrial statement is currently due on or before February 24, 2020. (Id.) The Court finds that a response from Plaintiff regarding this motion is unnecessary.

Therefore, Plaintiff's motion to modify the second scheduling order, Defendants' motion to modify the second scheduling order, and Defendants' request to modify the current pretrial statement deadline are all deemed submitted for decision. Local Rule 230(l).

**II.    Discussion**

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the

3

scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

In his motion, Plaintiff argues that good cause exists to modify the second scheduling order, extend the deadlines applicable to him for 60 days, and continue the telephonic trial confirmation hearing for 60 days because his motion for reconsideration of the undersigned's order denying Plaintiff's motion for a court order to compel participation in a mandatory settlement conference and appointment of counsel is currently pending before the District Judge and he is also going through multiple surgeries for his various medical conditions. (ECF No. 93.) In their motion, Defendants argue that good cause exists to modify the second scheduling order and reset all the applicable deadlines, telephonic trial confirmation hearing, and jury trial date because defense counsel and necessary witnesses are unavailable for the currently set trial date of May 27, 2020. (ECF No. 97.)

Having considered both Plaintiff's and Defendants' reasons, the Court finds that there is good cause to modify the second scheduling order, continue both the telephonic trial confirmation hearing and jury trial date, and reset the pretrial deadlines listed in the second scheduling order accordingly. Therefore, Plaintiff's motion to modify the second scheduling order, (ECF No. 93), and Defendants' motion to modify the second scheduling order, (ECF No. 97), are granted. The Court sets forth a new telephonic trial confirmation hearing date, jury trial date, and new dates for the filing of pretrial statements, the filing of motions for the attendance of incarcerated witnesses and oppositions thereto, and the filing of notifications and submissions related to attendance of unincarcerated witnesses who refuse to testify voluntarily are set forth below.

Further, since Defendants' pretrial statement deadline is modified as set forth below, Defendants' request to modify deadline to file pretrial statement is denied as moot.

**III.    Order**

1. Plaintiff's motion to modify second scheduling order, (ECF No. 93), is GRANTED;

2. Defendants' motion to modify second scheduling order, (ECF No. 97), is GRANTED;

4

3. Defendants' request to modify deadline to file pretrial statement, (ECF No. 99), is DENIED as moot;

4. The telephonic trial confirmation hearing before the United States District Judge Dale A. Drozd is continued to **September 8, 2020, at 1:30 p.m.** in Courtroom 5;[1]

5. The jury trial before United States District Judge Dale A. Drozd is continued to **November 3, 2020, at 8:30 a.m.** in Courtroom 5;

4. The deadline for Plaintiff to serve and file a pretrial statement as described in the Court's November 12, 2019 second scheduling order is extended to **July 8, 2020**;

5. The deadline for Defendants to serve and file a pretrial statement as described in the Court's November 12, 2019 second scheduling order is extended to **August 7, 2020**;

6. If Plaintiff intends to call incarcerated witnesses at the time of trial, the deadline for Plaintiff to serve and file a motion for attendance of incarcerated witnesses as described in the Court's November 12, 2019 second scheduling order is extended to **July 8, 2020**;

7. The deadline for Defendants to serve and file any opposition to Plaintiff's motion for the attendance of incarcerated witnesses is extended to **August 7, 2020**;

8. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, the deadline for Plaintiff to notify the Court of their names and locations is extended to **June 17, 2020**; and the deadline for Plaintiff to submit the money orders, as described in subsection 4 of the Court's November 12, 2019 second scheduling order, to the Court is extended to **August 7, 2020**; and

///

///

///

---

[1] Although trial dates are set in this matter, the parties are reminded that District Judge Dale A. Drozd is currently the sole active district judge in this Division after January 2020 and may not be available to conduct the pre-trial conference and trial in this action.

9. All other provisions set forth in the November 12, 2019 second scheduling order, (ECF No. 88), remain in full force and effect.

IT IS SO ORDERED.

Dated: **February 20, 2020**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE