# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>v.<br><br>G. GARCIA, *et al.*,<br><br>    Defendants. | Case No. 1:15-cv-01828-DAD-BAM (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR SUBPOENAS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45<br><br>(ECF No. 92) |

Plaintiff Reginald Ray York ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is currently set for a jury trial commencing November 3, 2020 before District Judge Dale A. Drozd.

Currently before the Court is Plaintiff's motion for subpoenas, filed December 4, 2019. (ECF No. 92.) In his motion, Plaintiff states that he has a pending court case and that he "would like to receive some blank Subpoena forms in accordance with Federal Rules of Civil Procedure, Rule 45 (C)-(D)(3) (2016)," at his address of record. (Id.)

Defendants Garcia and Neighbors have not filed a response to Plaintiff's motion and the Court finds that a response from Defendants is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties. Fed. R. Civ. P. 45. While Rule 45(a)(3)

1

provides that: "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it," Plaintiff has not provided enough information for the Court to grant the motion.

First, Plaintiff has failed to specify how many subpoenas he would like the Clerk to issue. Plaintiff has also failed to state whether he is seeking documents, testimony, or both from the non-parties to be served with the subpoenas. Finally, Plaintiff has not specified whether he is seeking additional discovery or whether the subpoenas are for the purpose of commanding the appearance of witnesses for the scheduled trial.

To the extent Plaintiff seeks additional discovery, whether in the form of documents, testimony, or both, the discovery deadline in this action expired on June 22, 2018, pursuant to the Court's March 26, 2018 order granting Defendants' motion to modify discovery and scheduling order. (ECF No. 45.) Plaintiff has not requested an extension of that deadline, and the Court finds no justification for such an extension. As such, Plaintiff's request for subpoenas, if for the purpose of conducting additional discovery, is untimely.

If Plaintiff is requesting the subpoenas for the purpose of calling witnesses to appear at trial, Plaintiff is reminded that the Court's November 13, 2019 second scheduling order, (ECF No. 88), and February 21, 2020 amended second scheduling order, (ECF No. 100), together set forth the requirements for Plaintiff to call either incarcerated or unincarcerated witnesses at trial. Plaintiff should review those orders for the proper procedures and deadlines he must meet if he intends to call witnesses at trial, rather than seeking blank subpoenas. Furthermore, Plaintiff is advised that as trial is not scheduled to begin for more than seven months, his request for subpoenas, if for the purpose of calling witnesses at trial, is premature.

Accordingly, Plaintiff's motion for subpoenas, (ECF No. 92), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 20, 2020**       /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE