UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>Plaintiff,<br><br>v.<br><br>C. GARCIA, et al.,<br><br>Defendants. | No. 1:15-cv-01828-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 94) |

Plaintiff Reginal Ray York is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's Eighth Amendment claims against defendant Garcia for excessive use of force and against defendant Neighbors for failure to protect. (Doc. No. 81.)

On November 8, 2019, a magistrate judge of this court conducted a settlement conference in this case at California State Prison, Corcoran. (Doc. Nos. 86; 91 at 1.)

On December 5, 2019, the assigned magistrate judge issued an order denying plaintiff's motion for "a court order for the defendants and prison representative to hold [another] settlement conference hearing with the plaintiff to negotiate a settlement based upon the claims in this case and [for] appointment of an attorney." (Doc. No. 91 at 1; *see also* Doc. No. 90 at 1.) In his motion, plaintiff argued that the offers of settlement he received at the November 8, 2019 settlement conference were not fair or reasonable. (*See generally* Doc. No. 90.) In denying his

motion, the magistrate judge concluded that:  (1) plaintiff does not have a right under state or federal law to settle his case for an amount that he considers to be fair and reasonable; (2) nor does he have a constitutional right to appointed counsel in this civil action; (3) nor has he demonstrated exceptional circumstances warranting the appointment of counsel on his behalf in this case.  (Doc. No. 91 at 1–3.)

On January 2, 2020, plaintiff filed the pending motion for reconsideration of the magistrate judge's December 5, 2019 order.  (Doc. No. 94.)  In his motion for reconsideration, plaintiff contends that:  (1) the magistrate judge did not have the authority to issue that order; (2) he is entitled to another settlement conference; (3) his mental illness constitutes an exceptional circumstance warranting the appointment of counsel; and (4) "new evidence" that he is anemic also weighs in favor of appointing him counsel in this action.  (*Id.* at 1–9.)

Federal Rule of Civil Procedure 60(b)[1] provides that "the court may relieve a party . . . from . . . [an] order . . . for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; . . . or (6) any other reason justifying relief."  Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted).  In seeking reconsideration of an order, Local Rule 230 requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j)(3).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the court in rendering its decision.

---

[1] Plaintiff brings his motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  (Doc. No. 94 at 2.)  Plaintiff's reliance on Rule 59(e), however, is misplaced, as that rule deals with "motion[s] to alter or amend a judgment," Fed. R. Civ. P. 59(e), and plaintiff is not seeking to alter or amend a judgment in the pending motion.

2

*United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Relying on 28 U.S.C. § 636(b)(1)(B), (c)(1), plaintiff first argues that the magistrate judge did not have the authority to issue the December 5, 2019 order denying his requests for another settlement conference and for appointed counsel because he did not consent to proceeding before the magistrate judge. (Doc. No. 94 at 3.) Plaintiff's argument in this regard is frivolous. Title 28 U.S.C. § 636(b)(1)(A) establishes that a:

> Magistrate Judge is authorized to rule on a wide variety of pre-trial matters, **except** for those that would necessarily result in a termination or dismissal of the matter, e.g., motions to dismiss, injunctive relief, summary judgment. Moreover, pursuant to [28 U.S.C. § 636(b)(4)], this Court has promulgated Local Rules relating to the specific powers of a Magistrate Judge. Local Rule 300(b)(2) provides that "general pretrial matters" shall be defined as "all pretrial matters as to which the standard of review is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Appointment of counsel falls within this standard of review and, historically, in this district such matters fall squarely within the specified purview of Magistrate Judges. <u>This is so regardless of whether or not the parties have consented to the Magistrate Judge's jurisdiction</u>. Under [plaintiff's] logic, absent consent, a Magistrate Judge could not handle any pretrial matters, a result that is entirely contrary to the purpose and plain meaning of both § 636 and this Court's Local Rules.

*Page v. King*, No. 1:16-cv-00522-JLT, 2016 WL 2962407, at *2 (E.D. Cal. May 23, 2016) (citation omitted) (emphasis in original); *see also* L.R. 302(c)(12) (noting that the calendaring of settlement conferences is a duty to be performed by magistrate judges in this district). Accordingly, plaintiff's first basis for reconsideration is unavailing.

Next, plaintiff contends that he is entitled to another settlement conference because a prison representative did not appear at the November 8, 2019 settlement conference as ordered by the magistrate judge. (Doc. No. 94 at 3–5.) The order that plaintiff is relying on directed "[a] representative with full and unlimited authority to negotiate and enter into a binding settlement" to attend the settlement conference. (Doc. No. 80 at 2.) As plaintiff noted in his motion seeking another settlement conference, defense counsel attended the November 8, 2019 settlement

3

conference, and the parties attempted to settle the matter, but were unable to do so.  (Doc. No. 90 at 2; *see also* Doc. No. 86 (minutes from the November 8, 2019 settlement conference, noting that the case did not settle, and that plaintiff and defense counsel were present).)  Plaintiff also noted that "[t]he Defendants' attorney told [him] that the Prison Representative did not give her authority to settle the case for $85,000 or anywhere near the amount that he would be seeking."  (Doc. No. 90 at 4.)  As these allegations demonstrate, defense counsel *was* authorized to negotiate and enter into a settlement; just not for the amount that plaintiff wanted.  The magistrate judge's December 5, 2019 order correctly notes, however, that plaintiff does not have a right under state or federal law to settle his case for an amount that he considers to be fair and reasonable.  (Doc. No. 91 at 2.)  The pending motion for reconsideration does not provide a basis to question the magistrate judge's order in this regard.  Instead, it merely disagrees with the magistrate judge's order, which, of course, is not a basis for reconsideration.  *See Westlands Water Dist.*, 134 F. Supp. 2d at 1131.  Accordingly, plaintiff's second basis for reconsideration is also unavailing.

        Plaintiff next moves for reconsideration of the magistrate judge's order denying his motion for appointment of counsel.  He cites to the Americans With Disabilities Act and argues that the magistrate judge did not properly consider his level of functioning or the fact that he suffers from a mental illness in denying his motion.  (Doc. No. 94 at 7.)  The magistrate judge did consider plaintiff's alleged mental illness, but nevertheless concluded that he "has demonstrated that he is able to clearly articulate his claims and prosecute this action."  (Doc. No. 91 at 3); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  Again, plaintiff's disagreement with the magistrate judge's conclusion in this regard is not a basis for reconsideration.  Moreover, the fact that, after the issuance of the magistrate judge's order denying his motion for appointment of counsel, plaintiff "was informed . . . that he suffer[s] from . . . Anemia" (Doc. No. 94 at 9) does not mean that appointment of counsel is now warranted.  The record continues to reflect that the legal issues involved in this action are not complex and that plaintiff can adequately articulate his cognizable claims, in spite of his alleged illnesses.  *See also Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) ("While a pro se litigant may be

/////

better served with the assistance of counsel," the court need not appoint counsel if plaintiff can articulate his claims). Thus, plaintiff's final bases for reconsideration are also unavailing.

For the reasons set forth above, plaintiff's motion for reconsideration of the magistrate judge's order denying his motion for another settlement conference and for appointment of counsel (Doc. No. 94) is denied in its entirety.

IT IS SO ORDERED.

Dated: **June 22, 2020**

_____
UNITED STATES DISTRICT JUDGE