**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD RAY YORK, | Case No. 1:15-cv-01828-DAD-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO SUBPOENA NON-PARTIES FOR DOCUMENTS AND FURTHER DISCOVERY |
| v. | (ECF No. 102) |
| G. GARCIA, *et al.*, | |
| Defendants. | ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTIONS FOR UNINCARCERATED AND INCARCERATED WITNESSES AS PREMATURE |
| | (ECF Nos. 108, 111, 112, 115, 116) |

**I.     Introduction**

Plaintiff Reginald Ray York ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

This action was previously set for a jury trial commencing November 3, 2020 before District Judge Dale A. Drozd. (ECF No. 100.) On June 30, 2020, the Court vacated the trial date in this action and set a telephonic status conference for October 7, 2020, at 9:30 a.m. to discuss resetting the relevant deadlines and trial date. (ECF No. 110.)

Currently before the Court are Plaintiff's motion to subpoena non-parties for documents and further discovery, (ECF No. 102), and Plaintiff's motions seeking attendance of unincarcerated and incarcerated witnesses, (ECF Nos. 108, 111, 112, 115, 116). Plaintiff's motion to subpoena non-parties is fully briefed. (ECF Nos. 105, 106.) Though Defendants have not had the opportunity to respond to the other motions, the Court finds responses unnecessary. The motions are deemed submitted. Local Rule 230(l).

**II.     Motion to Subpoena Non-Parties for Documents and Further Discovery**

Plaintiff previously filed a motion seeking issuance of blank subpoena forms in this action, on December 4, 2019.  (ECF No. 92.)  On March 23, 2020, the Court denied that motion, finding that Plaintiff had not provided sufficient information—including the number of subpoenas, whether he was seeking documents, testimony, or both, and whether the subpoenas were for the purpose of further discovery or trial—for the Court to grant the request.  (ECF No. 101.)  The Court further explained that to the extent Plaintiff sought additional discovery, the extended discovery deadline had expired on June 22, 2018,[1] and to the extent Plaintiff sought subpoenas for the purpose of calling witnesses to appear at trial, the request was premature.  (Id.)

On April 30, 2020, Plaintiff filed the instant motion, again seeking issuance of blank subpoenas.  (ECF No. 102.)  Defendants filed an opposition on May 8, 2020, and Plaintiff filed a reply on May 28, 2020.  (ECF Nos. 105, 106.)

In his motion, Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 45(a)(3), Plaintiff is only required to provide the Clerk of the Court with the case number to show that his case is pending to obtain subpoena forms from the Clerk's Office.  (ECF No. 102.)  Plaintiff states that his original motion sought "subpoena forms," meaning two or more, which is left to the Clerk's discretion.  Plaintiff clarifies that he is requesting subpoenas for the purpose of conducting further discovery from non-parties in this action.  Plaintiff argues that when he responded to Defendant Neighbors' first set of interrogatories, number 6, Plaintiff responded that the names and addresses of witnesses responsive to that interrogatory could be found in Defendant Neighbors' personnel files, which Plaintiff would like access to in order to answer the interrogatory.  (Id. at 3.)  Plaintiff argues that Defendant Neighbors obtained the information Plaintiff mentioned, but turned it over in bad faith, in that Defendant Neighbors blacked out all the other names in the document, which Plaintiff argues removed his ability to obtain any information or statements from the other correctional officers who could have been witnesses.

---

[1] The Court notes that the original deadline for completion of discovery was November 16, 2017.  (ECF No. 21.)  The deadline was extended to June 22, 2018 "for the purpose of allowing Defendants to depose Plaintiff and to file a motion to compel, if necessary."  (ECF No. 45.)

(Id. at 3–4.) Plaintiff argues that this redaction demonstrates that Defendant Neighbors was aware of Plaintiff's request for the information, and that the information would have been favorable to Plaintiff's case. (Id. at 4.) Plaintiff states that he gave notice to the Court and Defendant Neighbors that the information was not turned over, in his February 28, 2019 opposition to Defendant's motion for summary judgment. Plaintiff states that he made another request to Defendant Neighbors' attorney for the requested information during the November 8, 2019 settlement conference, and the request was denied. Plaintiff is now requesting blank subpoena forms in order to obtain the information from non-parties that are in direct possession of such information. Plaintiff requests a thirty-day extension of discovery to serve the subpoenas on the non-parties, and has listed specific documents he would like to request, though not the individuals on which the subpoenas would be served. (Id. at 7–8.)

In opposition, Defendants argue that Plaintiff did not serve a single discovery request during the course of the discovery period, and has presented no excuse for his lengthy delay in requesting subpoenas now, years after the close of discovery. (ECF No. 105.) Defendants further note that Plaintiff has been uncooperative throughout the discovery process, and that the Court imposed sanctions due to Plaintiff's failure to provide less than complete and forthright discovery responses. (ECF No. 66.) Defendants argue that Plaintiff could have served discovery to obtain the names of material witnesses during discovery, or in response to Defendants' motion for summary judgment, requested that the Court give Plaintiff additional time to conduct discovery to oppose his opposition. Instead, Plaintiff did not act in good faith, and waited over a year after the filing of Defendants' motion for summary judgment to raise this issue. (ECF No. 105.)

In reply, Plaintiff again argues that his response to Defendant Neighbor's first set of interrogatories, number six, constituted a request for the additional information. Further, Plaintiff argues that pursuant to Federal Rule of Civil Procedure 26(e)(1)–(2), Defendant Neighbors had a duty to supplement discovery responses, including an unredacted version of the document originally provided. Plaintiff argues that Defendant has not provided a justification for his failure to provide an unredacted version, and therefore Plaintiff should be permitted to seek the documents from non-parties by way of subpoenas. (ECF No. 106.)

**A.     Discussion**

As discussed in the Court's prior order denying Plaintiff's request for blank subpoenas, the discovery deadline in this action expired on November 16, 2017, and was extended to June 22, 2018 solely for the purpose of allowing Defendants to depose Plaintiff and to file any necessary motion to compel. (ECF Nos. 21, 45.)  Though Plaintiff now requests an extension of that deadline, he does not provide sufficient justification for the Court to reopen discovery more than two years later, after the resolution of several rounds of dispositive motions, when this action is ready to proceed to trial.

Plaintiff's request for Defendants to provide additional documentation, embedded in Plaintiff's own response to one of Defendant Neighbors' interrogatories, does not constitute a discovery request that obligates a response on the part of Defendant Neighbors.  As stated in the Court's March 16, 2017 Discovery and Scheduling Order, discovery would proceed pursuant to Federal Rules of Civil Procedure 1, 16, and 26–36. (ECF No. 21.)  As such, Plaintiff could have served, for example: written interrogatories (pursuant to Rule 33), requests for production of documents (pursuant to Rule 34), or written requests for admission (pursuant to Rule 36), at any time during the discovery period.  It is undisputed that Plaintiff did not serve any such requests on Defendants.

Even if, as Plaintiff argues, the Court construes Plaintiff's request liberally due to his status as a *pro se* litigant and finds that Plaintiff's response to Defendant Neighbors' interrogatory number six should be treated as a request for production, the Court remains unpersuaded.  If Plaintiff believed he had properly served a discovery request for that document, and Defendant Neighbors failed to adequately respond, Plaintiff should have filed a motion to compel pursuant to Federal Rule of Civil Procedure 37.  Plaintiff did not do so.

Finally, Plaintiff's argument that Defendant Neighbors was obligated to correct or provide missing documents pursuant to Rule 26(e)(1)–(2) also fails.  The rule requires that a party supplement its disclosure or response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in

writing." Fed. R. Civ. P. 26(e)(1)(A). However, Plaintiff has only argued that the document is incomplete due to the redaction, which does not make the document inherently incomplete or incorrect. Further, as discussed above, if Plaintiff believed that the document constituted an incomplete response to his discovery "request," Plaintiff again should have filed a motion to compel pursuant to Federal Rule of Civil Procedure 37. Plaintiff did not do so.

**III.     Motions for Attendance of Unincarcerated and Incarcerated Witnesses**

As noted above, on June 30, 2020, the Court vacated the trial date in this action and set a telephonic status conference for October 7, 2020, at 9:30 a.m. to discuss resetting the relevant deadlines and trial date. (ECF No. 110.) Pursuant to that order, the deadlines for submission of pretrial statements and motions for attendance of incarcerated and unincarcerated witnesses were vacated. (Id. at 2.)

Accordingly, Plaintiff's motions for attendance of unincarcerated and incarcerated witnesses are premature. As such, the Court will not address the substance of the requests raised in those motions at this time. The deadlines for the re-filing of these motions will be reset upon confirmation of the continued trial date, which will be discussed at the telephonic status conference set for October 7, 2020, as discussed in the Court's June 30, 2020 order. (ECF No. 110.)

**IV.     Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to subpoena non-parties for documents and further discovery, (ECF No. 102), is DENIED; and

2. Plaintiff's motions for attendance of unincarcerated and incarcerated witnesses, (ECF Nos. 108, 111, 112, 115, 116), are DENIED, without prejudice, as premature.

IT IS SO ORDERED.

Dated:     **July 22, 2020**                                /s/ *Barbara A. McAuliffe*     _
                                                                               UNITED STATES MAGISTRATE JUDGE