UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK, | No.  1:15-cv-01828-DAD-BAM (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER |
| G. GARCIA, et al., | |
| Defendants. | (Doc. No. 120) |

Plaintiff Reginald Ray York is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 4, 2019, plaintiff filed a letter addressed to the Clerk of this Court in which he requested blank subpoena forms pursuant to Federal Rule of Civil Procedure 45.  (Doc. No. 92.)  On March 23, 2020, the assigned magistrate judge construed that letter as a motion for the issuance of subpoenas and denied the motion.  (Doc. No. 101.)  On April 30, 2020, plaintiff filed a second motion seeking the issuance of subpoenas for nonparties pursuant to Federal Rule of Civil Procedure 45.  (Doc. No. 102.)  On July 22, 2020, the magistrate judge issued an order denying plaintiff's second motion.  (Doc. No. 119.)  On August 27, 2020, plaintiff filed

/////

1  objections to the magistrate judge's order denying his second motion for subpoenas[1] and a request

2  to disqualify the magistrate judge.  (Doc. No. 120.)[2]

3      Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may

4  be decided by a magistrate judge, subject to reconsideration by the district judge.  *See also* Local

5  Rule 303(c).[3]  The assigned district judge shall, upon reconsideration, modify or set aside any part

6  of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  Local

7  Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  Discovery motions are non-dispositive pretrial

8  motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and are thus subject to the

9  "clearly erroneous or contrary to law" standard of review.  *Rockwell Intern., Inc. v. Pos-A-*

10 *Traction Industries, Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).  "A finding is 'clearly erroneous'

11 when although there is evidence to support it, the reviewing court on the entire evidence is left

12 with the definite and firm conviction that a mistake has been committed."  *United States v. United*

13 *States Gypsum Co.*, 333 U.S. 364, 395 (1948).

14     In the order denying plaintiff's second motion, the magistrate judge noted that "the

15 discovery deadline in this action expired on November 16, 2017, and was extended to June 22,

16 2018 solely for the purpose of allowing Defendants to depose Plaintiff and to file any necessary

17 motion to compel."  (Doc. No. 119 at 4.)  The magistrate judge explained that plaintiff had "not

18 provide[d] sufficient justification for the Court to reopen discovery more than two years later,

19 after the resolution of several rounds of dispositive motions, when this action is ready to proceed

---

[1]  The same order denied, without prejudice, plaintiff's motions seeking the attendance of unincarcerated and incarcerated witnesses at trial as premature.  (Doc. No. 119.)  Plaintiff does not seek reconsideration of that decision.

[2]  In his objections, plaintiff argues that there was no deficiency in his December 4, 2019 motion seeking subpoena forms, and that any deficiency identified was fabricated by the magistrate judge to rule for defendant J. Neighbors.  (Doc. No. 120 at 3, 5.)  This argument is irrelevant to resolution of the pending motion because plaintiff is currently objecting to the July 22, 2020 order denying his *second* motion for subpoena and he did not object to the order denying his December 4, 2019 motion.

[3]  Plaintiff objects that he did not consent to magistrate judge jurisdiction.  (Doc. No. 120 at 3.)  This is immaterial, however, because the magistrate judge has the authority to rule on pretrial matters, such as the one currently at issue, under 28 U.S.C. § 636(b)(1) and Local Rule 302.

to trial." (*Id.*)   In his objections, plaintiff asserts that his motion for subpoenas was in fact timely. (Doc. No. 120 at 8–15.)

According to plaintiff, on April 18, 2018, he was asked by defendant Neighbors in his first set of interrogatories to identify every person by name and address who plaintiff contended had knowledge of any fact supporting the complaint's allegation that defendant Neighbors could have stopped defendant G. Garcia from dragging plaintiff from his cell. (Doc. No. 102 at 3.) Plaintiff answered that interrogatory by telling defendant Neighbors that the information could be found in his personnel files, and that he would like access to that information to answer the question. (*Id.*) Plaintiff states that defendant Neighbors obtained the requested information and turned it over in bad faith, in part because plaintiff received it in the form of a declaration significantly later on February 7, 2019, and in part because all the names were blacked out and additional documents with additional names of witnesses were removed. (*Id.*) Plaintiff contends that this deprived him of information or statements from correctional officers. (*Id.* at 3–4.) Plaintiff also avers that he objected to the use of this evidence—thus giving notice to the court that defendant Neighbors did not turn over the requested information—when he filed his opposition to defendant Garcia and Neighbors' motion for summary judgment on February 28, 2019 and when he objected on September 16, 2019 to the magistrate judge's findings and recommendations addressing defendants' motion for summary judgment. (*Id.* at 4.) Finally, plaintiff avers that he made another request to defendant Neighbors' attorney to turn over the requested information at the settlement conference held in this action on November 8, 2019, and that request was denied. (*Id.*)

The undersigned is not persuaded that the history of this action as recounted by plaintiff justifies the reopening of discovery in this case. As the magistrate judge explained,

> As stated in the Court's March 16, 2017 Discovery and Scheduling Order, discovery would proceed pursuant to Federal Rules of Civil Procedure 1, 16, and 26–36. (ECF No. 21.) As such, Plaintiff could have served, for example: written interrogatories (pursuant to Rule 33), requests for production of documents (pursuant to Rule 34), or written requests for admission (pursuant to Rule 36), at any time during the discovery period. It is undisputed that Plaintiff did not serve any such requests on Defendants.

(Doc. No. 119 at 4.) But even if plaintiff's response to defendant Neighbors' interrogatory, his

3

opposition to defendants' motion for summary judgment, and his objections to the magistrate

judge's findings and recommendation are all liberally construed as requests for production, given

his *pro se* status, the magistrate judge is correct in observing that plaintiff should have filed a

timely motion to compel pursuant to Federal Rule of Civil Procedure 37 if he believed he had

properly served a discovery request for the document(s) in question and had been denied the

requested discovery.  (*See id.* at 4.)  The undersigned also agrees that "if Plaintiff believed that

the document constituted an incomplete response to his discovery 'request,' Plaintiff again should

have filed a motion to compel pursuant to Federal Rule of Civil Procedure 37."  (*See id.* at 5); *see

also United States v. Griffin*, No. CR 02-938(A)-RGK, 2006 WL 8429329, at *2 (C.D. Cal. Oct.

20, 2006) (Defendant filed a motion to compel further discovery to "object[] to the allegedly

"excessive redactions" in the discovery material produced by the government.")  The court need

not issue subpoenas given plaintiff's failure in this regard.  *See Cantu v. Garcia*, No. 1:09-cv-

00177-AWI-DLB, 2013 WL 101667, at *1 (E.D. Cal. Jan. 8, 2013), *on reconsideration in part*,

No. 1:09-cv-00177-AWI-DLB, 2013 WL 595100 (E.D. Cal. Feb. 15, 2013) ("If Defendant

objects to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court

rules that the documents or tangible things are discoverable but Defendants do not have care,

custody, and control of them, Plaintiff may then seek a subpoena of a nonparty.  Alternatively, if

the Court rules that the documents are not discoverable, the inquiry ends.  The Court will not

issue a subpoena for a nonparty individual without Plaintiff first following the procedure outlined

above.").  Thus, the undersigned does finds that the magistrate judge's discovery order was not

"clearly erroneous or contrary to law."  *See Rockwell Intern., Inc.*, 712 F.2d at 1325; *United

States Gypsum Co.*, 333 U.S. at 395.

Finally, plaintiff argues that the assigned magistrate judge should be disqualified from this

case, asserting that the magistrate judge

> has demonstrate[d] a pattern of personal bias or prejudice towards
> the Plaintiff as an African American prisoner when it comes to his
> claims and issues against Defendant Neighbors, where she uses her
> influence as a magistrate judge to make her Findings and
> Recommendations and Orders to denied the Plaintiff's claims and
> arguments to benefit Defendant Neighbors in this case.

(Doc. No. 120 at 16.)  Plaintiff alleges that the magistrate judge has omitted facts when issuing findings and recommendations, and that "in order for the magistrate judge to continue to omit facts from the Plaintiff motion in favor of Defendant Neighbors, there has to be some form of bias or personal prejudice towards the Plaintiff."  (*Id.* at 16–18.)  The motion seeking disqualification is baseless and will be denied.

First, to the extent plaintiff suggests that the magistrate judge has erred omitting facts from findings and recommendations, "[t]his argument does not support a recusal motion.  'Judges are known to make procedural and even substantive errors on occasion.  The errors alleged here would be the basis for appeal, not recusal.'"  *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir.2001)).  Moreover, plaintiff has provided absolutely no evidence that would give the undersigned any reason to question whether the magistrate judge was biased or prejudiced against him in any way.  *See id.* (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Accordingly, plaintiff's objections, construed as a motion for reconsideration of the magistrate judge's order denying his motion seeking subpoenas of nonparties, as well as his request to disqualify the magistrate judge (Doc. No. 120) are denied.

IT IS SO ORDERED.

Dated:   **November 18, 2020**                                                           

UNITED STATES DISTRICT JUDGE