# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>            Plaintiff,<br><br>    v.<br><br>GARCIA, *et al.*,<br><br>            Defendants. | Case No. 1:15-cv-01828-DAD-BAM (PC)<br><br>ORDER DISCHARGING NOVEMBER 9, 2021 ORDER TO SHOW CAUSE<br>(ECF No. 139)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br>(ECF No. 137) |

**I.     Introduction**

Plaintiff Reginald Ray York ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claims against Defendant Garcia for excessive use of force and against Defendant Neighbors for failure to protect. This case is set for a telephonic trial confirmation hearing on December 13, 2021 and a jury trial commencing March 1, 2022 before District Judge Dale A. Drozd.

Pursuant to the Court's August 4, 2021 Second Amended Second Scheduling Order, Plaintiff submitted a motion for attendance of two incarcerated witnesses on October 6, 2021. (ECF No. 137, pp. 35–37; 38–41.) On November 9, 2021, the Court issued an order for Defendants to show cause why Plaintiff's motions should not be granted as unopposed. (ECF No. 139.) Defendants filed a response on November 15, 2021, including a statement of non-

opposition and opposition to Plaintiff's motions. (ECF No. 142.) The Court finds a reply brief unnecessary, and Plaintiff's motions for attendance of incarcerated witnesses are deemed submitted. Local Rule 230(l).

**II.     Motions for Incarcerated Witnesses**

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

**A.     Inmate Michael Washington**

Plaintiff declares that, on or about July 2015 at Kern Valley State Prison, Inmate Michael Washington (CDCR #V39680, High Desert State Prison) agreed to testify at Plaintiff's trial if called as a witness. (ECF No. 137, p. 38.) On November 10, 2019, Plaintiff was again informed at California State Prison – Corcoran that Inmate Washington was willing to testify if called as a witness. (*Id.*)

Plaintiff further declares that on January 18, 2014, Inmate Washington was housed at Kern Valley State Prison Facility B Building 8, section B, and was Plaintiff's cellmate at the time of the incident. (*Id.* at 39.) If called as a witness, Inmate Washington would testify that he witnessed Defendant Garcia place Plaintiff on his back, take out his O.C. Pepper Spray from his side holster, and place the can in Plaintiff's face and begin to spray him. Inmate Washington would also testify that Defendant Garcia came back into the cell after placing Plaintiff into a choke hold and dragging him out of the cell and spraying him in the face with O.C. pepper spray, and used his O.C. pepper spray against his person by spraying him in the face while he sat on the

toilet in restraints. Inmate Washington will testify that he witnessed Defendant Neighbors in the section at the time of the incident. (*Id.*)

Defendants do not oppose Plaintiff's request to call Inmate Washington, assuming there are proper court orders allowing for his transport, and the presence of correctional officers nearby. (ECF No. 142, p. 1.)

Based on the presentation of the facts that will be testified to by Inmate Washington, the Court finds that this witness may be an eye and/or ear witness in this action, and that it does not appear his testimony will result in undue delay, a waste of time, or the needless presentation of cumulative evidence. Plaintiff declared that this witness informed Plaintiff of his knowledge of the events he described, and was previously willing to testify regarding his knowledge. Plaintiff's motion for the attendance of Inmate Washington is therefore granted. The Court will issue the necessary transportation order for this witness's appearance at trial in due course.

**B.     Inmate Wallace W. Vaughn**

Plaintiff declares that on November 10, 2019, Plaintiff talked to Inmate Wallace W. Vaughn (CDCR #T94462, California State Prison – Calipatria) at California State Prison – Corcoran, in which he agreed to testify at Plaintiff's trial if called as a witness. (ECF No. 137, p. 35.)

Plaintiff further declares that on January 18, 2014, Inmate Vaughn was housed at Kern Valley State Prison, Facility B Building 8 Section B, the same location where the incident took place in this case. (*Id.*) Inmate Vaughn will testify that on January 18, 2014 he witnessed Defendants Garcia and Neighbors leaving building 8 Section B after the search of the building section, and return back to the section about 10 to 20 minutes later and went to the far end cell in the section. Inmate Vaughn will testify that he witnessed Defendants Garcia and Neighbors walking behind Plaintiff and his cellmate Inmate Washington as they were being escorted out of the section. Inmate Vaughn's testimony will support Plaintiff's claim that Defendants Garcia and Neighbors were in Facility B Building 8 Section B on January 18, 2014 at the time of the incident. (*Id.* at 36.)

///

Defendants object to the proffer of Inmate Vaughn's testimony as to the events of January 18, 2014, on the basis that it will be cumulative, waste time, and potentially confuse or mislead the jury. (ECF No. 142.) Further, Defendants argue that Inmate Vaughn's testimony lacks sufficient indicia of reliability because a prior declaration by Inmate Vaughn produced by the Plaintiff evinces that Inmate Vaughn lacks sufficient personal knowledge to testify about the material facts in the matter, namely the pepper-spraying incident of which Plaintiff complains. (*See* ECF No. 142-2, p. 2.) As shown by Inmate Vaughn's declaration, Inmate Vaughn claims only that he was in Facility B on January 18, 2014 at Kern Valley State Prison at the time of the incident, and can testify about what he saw prior to and after the incident in question. However, Defendants argue that these portions of events are not largely in dispute, and it is unlikely that Inmate Vaughn's testimony will be helpful to the jury. (ECF No. 142, p. 2.) Finally, Defendants argue that there is an issue of safety with the prospective transportation of Inmate Vaughn, who has questionable utility to the jury, because he was recently issued and then re-issued a pending prison rule violation, and in each is accused of threatening CDCR staff. (*Id.*)

Based on the presentation of the facts that will be testified to by Inmate Vaughn, the Court finds that this witness is not an eye and/or ear witness to the events at issue in this action, and it appears that his testimony would result in undue delay, a waste of time, or the needless presentation of cumulative evidence. Based on Plaintiff's declaration and Inmate Vaughn's declaration, Inmate Vaughn has knowledge only of events that occurred prior to and after the pepper-spraying incident at issue, and those events are largely not in dispute. In addition, both Plaintiff and Inmate Washington can testify as to the same information at trial. Plaintiff's motion for the attendance of Inmate Vaughn is therefore denied.

**III.    Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The November 9, 2021 order to show cause, (ECF No. 139), is DISCHARGED;
2. Plaintiff's motion for attendance of incarcerated witnesses, (ECF No. 137), is GRANTED IN PART and DENIED IN PART, as follows:

///

      a. Plaintiff's motion for attendance of Inmate Michael Washington, (CDCR #T94462, California State Prison – Calipatria), is GRANTED;

      b. Plaintiff's motion for attendance of Inmate Wallace W. Vaughn, (CDCR #T94462, California State Prison – Calipatria), is DENIED; and

3. The Court will issue the necessary writ of habeas corpus ad testificandum prior to the trial in this matter.

IT IS SO ORDERED.

Dated:   **November 16, 2021**          /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE