UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>    Plaintiff,<br><br>    v.<br><br>GARCIA, et al.,<br><br>    Defendants. | No. 1:15-cv-01828-DAD-BAM (PC)<br><br>TENTATIVE PRETRIAL ORDER |

On December 13, 2021, the court conducted a final pretrial conference. Plaintiff Reginald Ray York, proceeding *pro se* in this action, appeared telephonically; California Deputy Attorney Generals Darby Williams and Carson Niello appeared telephonically as counsel for defendants. Having considered the parties' pretrial statements and the views of the parties, the court issues this tentative pretrial order.

Plaintiff Reginald Ray York is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint against defendant Garcia for the alleged use of excessive force in violation of plaintiff's Eighth Amendment rights and against defendant Neighbors for his alleged failure to intervene/protect in violation of plaintiff's Eighth Amendment rights. This matter is set for a jury trial on March 1, 2022.

/////

/////

1

## I. JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343. Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391. Venue is not contested.

## II. JURY

Both parties have demanded a jury trial. The jury will consist of eight jurors.

## III. UNDISPUTED FACTS

1. At all relevant times, plaintiff Reginald York was a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), and on the date of the incident at issue he was incarcerated at Kern Valley State Prisoner, Sacramento (KVSP).

2. On January 18, 2014, defendant Garcia was employed as a correctional officer at KVSP, was a peace officer as defined by California Penal Code § 830.55, and was assigned as a Facility B sergeant.

3. On January 18, 2014, defendant Neighbors was employed as a correctional officer at KVSP and was a peace officer as defined by California Penal Code § 830.55.

4. Plaintiff and inmate Washington shared a cell identified as Facility B-Building 8-Cell No. 120 (FB-B8-120).

5. On January 18, 2014, plaintiff was body searched and escorted to the Facility B-Building 7 mini yard while his cell was being searched.

6. About two hours later, two correctional officers came to the Facility B-Building 7 mini yard and escorted plaintiff back to his cell, where plaintiff discovered that his entire cell had been trashed and some of his personal property had been destroyed.

7. After looking at the condition of his cell, plaintiff asked the two correctional officers who had escorted him back to the cell to let the lieutenant in charge of the search know that plaintiff would like to speak to him.

8. The two correctional officers left plaintiff and plaintiff's cellmate in restrains inside of their cell, went to defendant Garcia, and told him that plaintiff wanted to speak to him.

9. Defendant Garcia and witness Officer Nino reported at approximately 4:28 p.m. to Facility B-Building 8, Cell 120 to escort York and Washington to the Facility B Program Office.

2

10. Plaintiff York was to be escorted by Garcia and Washington was to be escorted by Nino.

11. York and Washington were both already placed into wrist restraints (handcuffs) in preparation for the escort.

12. Garcia ordered the cell door opened and took control of York's right arm to begin the escort.

13. While being escorted, York began to twist his body and pulled away from Garcia, slipping and falling backwards, and landing on the floor in front of his cell on his buttocks.

14. Garcia ordered York to lay prone on the floor.

15. York ignored Garcia's commands, preventing Garcia from regaining control of York or being able to approach York.

16. Garcia backed up and used his MK-9 O.C. pepper spray and sprayed York in the face.

17. Inmate Washington was still inside the shared cell and seated on the toilet.

18. Washington rose up, stood to his feet and began to advance toward Garcia.

19. Garcia and witness Nino both ordered Washington to stop and to also get down on the floor.

20. Washington ignored the orders given to him by Garcia and Nino and continued to advance toward Garcia.

21. Garcia, concerned about Washington's intentions, from approximately four feet away, used his MK-9 O.C. pepper spray and sprayed Washington in the face to stop his advance.

22. Washington stopped his advance and lay prone on the floor.

23. Responding staff consisting of other correctional officers and witness Officer Drazil arrived in response to the alarm and escorted York to the Facility B program area to decontaminate him from the effects of the O.C. spray and then to Medical for evaluation of injuries, if any.

/////

/////

24. Inmate Washington was escorted by Officer Nino to the Facility B program area to decontaminate him from the effects of the O.C. spray and then to Medical for evaluation of injuries, if any.

25. Both York and Washington received a Rules Violation Report (RVR) for the January 18, 2014 incident for resisting a peace officer resulting in the use of force, a violation of California Code of Regulations, Title 15, § 3005(b).

26. Use of Force reviewers determined that the use of force complied with policy and although Garcia deployed pepper spray from a distance of less than the recommended six feet, the deployment was justified because of the close proximity of both York and Washington and the immediacy of the events.

IV. DISPUTED FACTUAL ISSUES

1. Whether defendant Garcia used excessive force against plaintiff York, such that he violated plaintiff's Eighth Amendment rights.

2. Whether defendant Neighbors violated plaintiff's Eighth Amendment rights because he failed to intervene to prevent Garcia's use of excessive force.

3. Whether defendant Garcia placed plaintiff in a choke hold and dragged him out of his cell.

4. Whether plaintiff while handcuffed pulled away (resisted) from defendant Garcia.

5. Whether plaintiff twisted his body to get away (resisted) from defendant Garcia.

6. Whether plaintiff fell as a result of his pulling away from defendant Garcia and twisting his body.

7. Whether plaintiff kicked at (assaulted) Garcia while plaintiff was on the ground.

8. Whether plaintiff refused to stop kicking at Garcia when ordered to do so (resisted).

9. Whether defendant Garcia deployed his departmentally issued pepper spray to stop plaintiff York's alleged assault and to gain his compliance (stop his resistance) and restore order.

10. How far away defendant Garcia was from plaintiff when he deployed his pepper spray.

4

11. Whether defendant Neighbors was present at the time of the incident.

12. Whether it was in accordance with defendant Garcia's training to use pepper spray in an incident where the assailant is less than a distance of six feet away, and, if so, what that training informs as to the distances at which pepper spray is effective and safe to use.

13. Whether plaintiff suffered any unusually severe effects from the pepper spray by defendant Garcia on January 28, 2014.

14. Whether plaintiff suffered any long-term harm because of the use of pepper spray by defendant Garcia on January 18, 2014.

15. Whether defendant Garcia's actions complied with CDCR and CCHCS policies regarding escorts, use of and decontamination from pepper spray, and documentation of injuries and condition after a violent incident.

16. Whether plaintiff suffered any significant injury as a result of the actions of defendants Garcia or Neighbors.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below. Any motions *in limine* the parties elect to file shall be filed no later than **January 21, 2022**. Opposition shall be filed no later than **February 11, 2022**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any *motions in limine* prior to the first day of trial. The dates listed in the second amended scheduling order (Doc. No. 135) are vacated and replaced with those listed in this tentative pretrial order. Accordingly, the hearing ser for February 14, 2022 is vacated.

Plaintiff's Motions in Limine

Plaintiff has not identified any motions *in limine* that he will file.

/////

/////

5

Defendants' Motions in Limine

1. Defendants anticipate filing a motion *in limine* to preclude plaintiff from introducing any documentary evidence to the extent it was not properly disclosed.

2. Defendants anticipate filing a motion *in limine* to preclude plaintiff from introducing his own or any lay witnesses' expert opinions at trial, or testifying as to medical conditions without appropriate foundation being laid.

3. Defendants anticipate filing a motion *in limine* to preclude plaintiff from introducing testimony from any undisclosed expert witness.

4. Defendants anticipate filing a motion *in limine* to seek the introduction of impeachment evidence in the form of prior felony convictions for any incarcerated witnesses plaintiff may call.

5. Defendants anticipate filing a motion *in limine* to preclude plaintiff from introducing statements from inmate-witnesses on the grounds that the statements constitute hearsay without proper exception, lack adequate foundation, and would be potentially cumulative to any testimony made under oath.

## VI. SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action:

Plaintiff has not identified any special factual information relevant to this case.

Defendants contend the following:

> The matter is only proceeding on Plaintiff's complaint against Defendant Garcia for excessive force in violation of the Eighth Amendment and against Defendant Neighbors for failure to intervene/protect in violation of the Eighth Amendment. (Doc. No. 81.)
>
> Defendant Garcia contends that he used only enough force necessary to gain compliance and to stop the assault on his person by Plaintiff York who resisted Garcia and refused to stop kicking him after he fell to the ground due to the momentum of force created when he twisted his body and pulled away from Garcia. And Defendant Neighbors contends that he has been wrongly identified as being present during the incident at issue. Plaintiff was appropriately decontaminated by using continuously flowing water following the January 18, 2014 incident as well as evaluated by medical personnel

6

on site. After the initial exposure to pepper spray, Plaintiff was escorted to the B facility and decontaminated. Officer Drazil then appropriately performed an unclothed body search of Plaintiff, according to policy. Plaintiff also was taken for proper medical evaluation to determine what injuries he had if any. No injuries were discovered.

Plaintiff has a documented medical diagnosis of hypertension that historically has not been well-controlled. Plaintiff was treated and admitted for elevated blood pressure at San Joaquin Community Hospital on January 20, 2014 through January 21, 2014 (date of discharge). He was provided a new anti-hypertensive medication, given Ativan, and oral analgesics for his complaint of a headache.

Plaintiff York was forty-four years of age at the time of the alleged events and incarcerated at KVSP serving a life sentence with no possibility of parole; actual total sentence is life without the possibility of parole plus 22 years. Plaintiff was incarcerated following a June 10, 1994 conviction for murder in the first degree a violation of Cal. Pen. Code § 187(a) and other felony convictions in the same criminal matter to include: two counts of kidnapping (Cal. Pen. Code § 207), two counts of residential burglary, first degree (Cal. Pen. Code § 459; person present), one count of forcible rape (Cal. Pen. Code § 261(a)(2)), one count of rape as an aider and abettor (Cal. Pen. Code §§ 246–261(a)(2)), and rape (forcible) by a foreign object (Cal. Pen. Code § 289). Plaintiff was convicted of weapons-use-enhancements with all convicted counts.

All of the medical treatment Plaintiff received was provided by Defendants' employer, CDCR and its contract agency hospital. Due to his incarceration, Plaintiff has no viable claim for lost wages or earning capacity.

VII. RELIEF SOUGHT

    1.    Plaintiff seeks $375,000 in compensatory damages per defendant plus punitive damages. (Doc. No. 1 at 4.)

    2.    Defendants seek a defense verdict and recovery of costs for defense of this action. (Doc. No. 20 at 7.)

VIII. POINTS OF LAW

The claims and defenses arise under federal law. Plaintiff's Eighth Amendment claim for excessive force is brought against defendant Garcia. Plaintiff's Eighth Amendment claim for failure to protect is brought against defendant Neighbors.

  1. The elements of, standards for, and burden of proof in a claim for excessive force in violation of the Eighth Amendment.

2. The elements of, standards for, and burden of proof in a claim for failure to protect in violation of the Eighth Amendment.[1]

3. The elements of, standards for, and burden of proof in a qualified immunity defense.

4. The reasonableness and necessity of plaintiff's alleged punitive damages.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX. <u>ABANDONED ISSUES</u>

None.

X. <u>WITNESSES</u>

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendants' witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

    A. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

        (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider

---

[1] Plaintiff's pretrial statement also states that he is bringing a claim for retaliation under the First Amendment and that he wishes to bring criminal actions against defendants Garcia and Neighbors for hate crimes. (Doc. No. 137.) However, this action proceeds only on plaintiff's Eighth Amendment claims against defendant Garcia for use of excessive force and against defendant Neighbors for failure to protect. (Doc. No. 81.)

8

whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.  EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff did not list any exhibits in his pretrial statement. Defendants' exhibits are listed in **Attachment C**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

9

    (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    (2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

  B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    (1) The exhibits could not reasonably have been discovered earlier;

    (2) The court and the opposing parties were promptly informed of their existence;

    (3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

## XII. DISCOVERY DOCUMENTS

The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Defendant may use the following discovery documents at trial:

1. Deposition transcript or plaintiff York.

## XIII. FURTHER DISCOVERY OR MOTIONS

Defendants contend that the only appropriate type of further discovery to be completed is expert discovery. Should plaintiff submit a timely expert witness disclosure, defendants request the opportunity to depose any expert witnesses under Federal Rule of Civil Procedure 26(b)(4)(A).

/////

/////

## XIV. STIPULATIONS

The parties have not yet stipulated to any facts that need not be proven at trial. Defendants request a stipulation as to the authenticity of those documents contained in plaintiff's prison central file and medical file that will be listed in their exhibit list and exchanged with plaintiff. Plaintiff has not listed any trial exhibits, and defendants contend that plaintiff should therefore be barred from presenting any documentary evidence at trial. (*See generally* Doc. No. 137; E.D. Cal. L.R. 281(b)(11).) Should plaintiff provide an exhibit list, and should the court allow plaintiff to present exhibits, defendants may be willing to stipulate to the authenticity of documents contained in plaintiff's prison central and medical file that are listed in plaintiff's exhibit list and are properly exchanged with defendants.

Defendants will not stipulate to the authenticity of any exhibits introduced by plaintiff at summary judgment, nor will they stipulate to the authenticity of any documents that are not properly exchanged before trial.

## XV. AMENDMENTS/DISMISSALS

Defendants request that the court amend the caption of this lawsuit to reflect the remaining defendants only.

## XVI. SETTLEMENT

A settlement conference was held on November 8, 2019, before Magistrate Judge Stanley A. Boone. The case did not settle. (Doc. No. 86.) Defendants do not believe that settlement negotiations or a court-facilitated settlement conference under L.R. 270 would be helpful.

## XVII. JOINT STATEMENT OF THE CASE

Defendants do not believe a joint statement of the case is feasible. Plaintiff does not express a view on this matter. The parties will be required to prepare a joint or a proposed brief neutral statement of the case to be read to prospective jurors prior to the first day of trial.

## XVIII. SEPARATE TRIAL OF ISSUES

Defendants request bifurcation of the trial on the issue of punitive damages. The court will bifurcate the trial with respect to any amount of punitive damages only.

/////

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The parties do not believe there is a need to appoint an impartial expert witness by the court nor do they believe there is a need to limit the number of expert witnesses.

XX. ATTORNEYS' FEES

Plaintiff is proceeding *in propria persona* and has not incurred any attorneys' fees. Defendants will request an award of costs after trial should defendants prevail.

XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

Defendants state that special handling of prison records, photographs, and medical records may be appropriate as to any confidential information where disclosure may compromise the safety and security of the institution, staff, or other inmates, or impinge on plaintiff's medical privacy. Defendants request that the court retain exhibits pending any appeal decision.

In the event that defendants are required to disclose information concerning their financial status, defendants will request that the court issue a protective order concerning this information, under Local Rule 141.1(b)(2). Defendants are open to discussing with plaintiff a stipulation for a protective order regarding the confidentiality of plaintiff's medical records.

XXII. MISCELLANEOUS

None.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for March 1, 2022, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last two to three days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

The parties are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of jury *voir dire*.

The court directs the parties to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before**

**trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

The parties shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.   TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXVI.  OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same.  Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **December 27, 2021**                    _____
                                                   UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiff's Witness List

<u>Percipient Witnesses</u>

1. Reginald Ray York
2. Michael Washington
3. M. Becina
4. Malvin U. Pallomina
5. G. Garcia
6. J. Neighbors

**ATTACHMENT B**

Defendants' Witness List

<u>Percipient Witnesses</u>

1. Sgt. G. Garcia
2. Sgt. J. Neighbors
3. R. Bravo
4. S. Mendoza
5. Sgt. Knuckles
6. Officer T. Drazil
7. R. Nino
8. Custodian of Records for plaintiff's central file and medical file records
9. Custodians of Records for the central file records of any inmate-witnesses

<u>Expert Witnesses</u>

1. M. Camia, Licensed Vocational Nurse at Kern Valley State Prison
2. A. Manasrah, Nurse Practitioner at Kern Valley State Prison
3. T. Camp, Registered Nurse at Kern Valley State Prison
4. R. Corley, Former correctional captain
5. Captain M. Stewart, correctional lieutenant/acting captain at Kern Valley State Prison
6. R. Taherpour, Physician and Surgeon at Kern Valley State Prison
7. T.S. Arlitz, Associate Warden, Division of Adult Institutions
8. S. Farag
9. M. Nawaz, M.D.

**ATTACHMENT C**

Defendants' Exhibits List

1. Abstract(s) of Judgment representing plaintiff's felony convictions and sentences
2. Select portions of plaintiff's CDCR chronological movement history
3. Selected medical records from plaintiff's medical file dated between 2010 to the present, including but not limited to the following:
   a. Chronic Care Follow-up Visit/Progress Notes with assistant medical staff
   b. Physicians' notes
   c. Physicians' interdisciplinary progress notes
   d. Physicians' orders regarding medications prescribed
   e. Triage and Treatment Services Flow Sheet dated January 18, 2014
   f. Medical Report of Injury or Unusual Occurrence (CDC 7219) dated January 18, 2014
   g. Interdisciplinary Progress Notes regarding plaintiff's treatment and care
   h. Health Care Services Request forms submitted by plaintiff
4. Rules Violation Report and guilty finding of Rules Violation Report (RVR) FB-14-01-135
5. Relevant portions of California Correctional Health Care Services policies concerning decontamination from pepper spray
6. Relevant portions of CDCR policies concerning the use of force, including the use of chemical agents, and decontamination from chemical agents
7. Relevant portions of CDCR policies concerning inmate searches and evidence preservation after violent incidents
8. Photographs and/or diagrams of the B-facility cell area and holding cell within

KVSP

9. Medical articles concerning treatment of conditions caused by pepper spray, effects of pepper spray, and appropriate decontamination

/////

10. Declaration(s) of Custodian of Records of plaintiff's central file records with CDCR

11. Declaration(s) of Custodian of Records of plaintiff's medical file records with CDCR