UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RAY YORK,<br><br>        Plaintiff,<br><br>   v.<br><br>GARCIA, et al.,<br><br>        Defendants. | No. 1:15-cv-01828-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S ORAL MOTION TO EXCLUDE DOCUMENTS OR IN THE ALTERNATIVE REOPEN DISCOVERY<br><br>ORDER VACATING IN-PERSON HEARING SET FOR AUGUST 15, 2023<br><br>(ECF No. 196) |

On July 11, 2023, the Court held a video status conference in advance of trial. (ECF No. 196.) After Plaintiff Reginald Ray York raised certain evidentiary issues, the Court decided to set an in-person hearing for August 15, 2023. (*Id*.) It also vacated the August 15, 2023, trial date. (*Id*.) After careful analysis of the docket and prior orders addressing Plaintiff's evidentiary concerns, the Court vacates the in-person hearing set for August 15, 2023.

## I.    Procedural Background

On December 7, 2015, Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In his complaint, Plaintiff asserts claims against various correctional officers at Kern State Prison for excessive force, conditions of confinement, and failure to protect in violation of the Eight Amendment. (*Id.*) After

extensive motions practice, this case proceeds on Plaintiff's claims against Defendant Garcia for excessive force in violation of the Eight Amendment and against Defendant Neighbors for failure to protect Plaintiff from excessive use of force in violation of the Eight Amendment. (*See* ECF Nos. 24, 81.)

In anticipation of trial on August 15, 2023, the Court held a video status conference on July 11, 2023. (ECF No. 196.) There, the Court addressed trial exhibits and Plaintiff raised certain evidentiary issues. After further discussion with the parties, the Court set an in-person hearing for August 15, 2023, and upon agreement by the parties, vacated the trial. As the hearings were being conducted via videoconference, there was some difficulty in understanding some of the discovery issues Plaintiff raised. Therefore, the Court ordered that the Defense provide the Court with copies of the exhibit binders to allow the Court to review the documents Plaintiff cited during the videoconference. Now that the Court has had an opportunity to review the documents and compare them to the docket entries, it vacates the in-person hearing set for August 15, 2023, and sets a video status conference for September 25, 2023, at 2:00 p.m. to set a new trial date.

**II.    The Court has previously addressed and decided the evidentiary issued that Plaintiff raised at the July 11, 2023, status conference.**

During the July 11, 2023, status conference, Plaintiff objected to Defendants' use of an unredacted document at trial because Defendants had only produced a redacted version of the document during discovery. Defendant moved the Court either to exclude the document based on Defendants' failure to produce it in discovery or to reopen discovery to allow Plaintiff to obtain additional information from the unredacted document.

**A. Plaintiff's claims at the July 11, 2023, status conference**

The document at issue is a copy of the Kern State Prison's Fair Labor and Standards Act (FLSA) sign-in sheet from January 18, 2014—the day of the alleged incident—on which Defendant Neighbors signed in to work.[1] Plaintiff alleges that he requested production of that document during discovery and that Defendants untimely produced a heavily redacted version, concealing the names of other officers that signed in for work that day. Because he did not have access to these

---

[1] One of the disputed facts in the case is whether Defendant Neighbors was present during the incident.

1  names, Plaintiff alleges that he was unable to subpoena helpful potential witnesses.

2  However, the Court previously heard and decided this issue. Thus, Plaintiff's request is
3  denied for the reasons explained below.

### 1. The document was not produced in discovery and Plaintiff never made a formal request for production of the document.

Plaintiff claims that he made a request to produce the FLSA sign-in sheet during discovery and that Defendants' production of the redacted document was in "bad faith" and untimely. After review of the docket, the Court disagrees.

First, Defendants did not produce the FLSA sign-in sheet during discovery. Rather, they attached the redacted FLSA sign-in sheet as an exhibit in support of their February 4, 2019 motion for summary judgment—of which Plaintiff received a copy. (ECF No. 69-4 at 5.)

Second, Plaintiff never made a formal request for production of documents during the discovery period. Plaintiff argues that he made a request for this and other document in his responses to interrogatories.  Some of the interrogatories asked Plaintiff to state all facts and identify all people who have knowledge of facts supporting his allegations of excessive force, the failure to protect him from excessive use of force, and the failure to decontaminate his cell. (*See* ECF No. 61 at 4.)  In his first set of responses, Plaintiff generally responded by stating that he "cannot recall" any other information that he had not provided to Defendants. (ECF No. 31, Exs., E, F.)

On September 13, 2017, Defendants filed a motion to compel Plaintiff's responses. (ECF No. 31.)  The Court granted Defendants' motion to compel on March 19, 2018, ordering Plaintiff to provide complete and verified responses to each interrogatory within thirty-days of the Court's order. (ECF No. 41.)  Plaintiff failed to comply with the Court's order because, even though he served Defendants with responses to interrogatories, those responses were inadequate.  His responses to a second set of interrogatories were the same as the previous responses, but this time instructed Defendants to search their own personnel files, CDCR's audio or video tapes or

1  otherwise to determine the answers to the interrogatories for themselves.[2] (ECF No. 53-1, Exs. I, J.) Plaintiff also stated that he wanted access to those files. (*Id*.) Plaintiff argues that his answers to interrogatories constituted a request to access those files. (*Id*.)

The Magistrate Judge already addressed this issue and ruled that Plaintiff never made a formal request for production of documents during discovery. (*See* ECF No. 119.) Specifically, the Magistrate Judge ruled that "Plaintiff's request for Defendants to provide additional documentation, embedded in Plaintiff's own response to one of Defendant Neighbors' interrogatories, does not constitute a discovery request that obligates a response on the part of Defendant Neighbors." (*Id*. at 4.) Additionally, the Magistrate Judge ruled that, even if she were to construe Plaintiff's responses to the interrogatories liberally as a request for production of documents Plaintiff still "should have filed a motion to compel" when Defendant Neighbors failed to respond to the request. (*Id*.) Plaintiff never filed such a motion. On August 27, 2020, Plaintiff filed objections to the Magistrate Judge's order, which the Court subsequently construed as a motion for reconsideration and denied. (ECF Nos. 120, 125.)

**2. Reopening discovery is not warranted.**

The Court finds that reopening discovery is not warranted. On April 30, 2020, Plaintiff submitted a motion to subpoena non-parties for documents and further discovery. (ECF No. 102.) The Magistrate Judge denied the motion, explaining "[Plaintiff] does not provide sufficient justification for the Court to reopen discovery more than two years later, after the resolution of several rounds of dispositive motions, when this action is ready to proceed to trial." (ECF No. 119 at 4.)

The discovery deadline in this action expired on November 16, 2017. It was extended to June 22, 2018, solely for the purpose of allowing Defendants to depose Plaintiff and to file any necessary motion to compel. (ECF Nos. 21, 45.) As discussed above, Plaintiff had many opportunities to file discovery requests during the discovery period but failed to do so. Plaintiff's

---

[2] On December 18, 2018, the Court imposed sanctions on Plaintiff because he had not adequately cooperated with participating in discovery. (ECF No. 66.) The Court prohibited Plaintiff "from supporting his case or opposing defendants' defenses with any evidence not already disclosed by plaintiff to defendants." (*Id*. at 5.)

arguments for reopening discovery are as unpersuasive now as they were when the Court addressed them in 2020.  (*See* ECF No. 119.)

### III. Conclusion

Accordingly, for the reasons explained above,

1. Plaintiff's motion to reopen discovery is denied;
2. Plaintiff's request to exclude the FLSA sign-in sheet based on Defendants' "failure to produce" is denied;
3. The in-person hearing set for August 15, 2023, at 1:00 p.m. in Courtroom 1 is vacated; and
4. The Court sets a video status conference on September 25, 2023, at 2:00 p.m.  The parties will be provided with the video conference information by separate email.

IT IS SO ORDERED.

Dated:  August 10, 2023

UNITED STATES DISTRICT JUDGE